# 𝕎heeling.

## ALLEN S. BARNUM *vs.* BALTIMORE AND OHIO RAILROAD COMPANY.

### July Term, 1871.

1. An action of trespass on the case may be maintained (by reason of the Statute, Code 1860, ch. 148, sec. 7,) in any case in which trespass will lie. But the converse of the proposition is not provided for by Statute. Trespass, therefore, remains as at the common law.

2. Where a party is ejected forcibly from a car, and brings an action of trespass, and in his declaration alleges secondary or consequential damages by reason of detention, &c, a demurrer is properly sustained, as the declaration shows a case in which trespass at the common law will not lie, that action being always for immediate and direct injury.

3. In an action for being ejected from a railroad car; it is not sufficient to aver generally that the party was wrongfully ejected, but it must be sufficiently set forth that his expulsion was improper and wrongful; *i. e.*, being *rightfully* in the car he was illegally expelled.

This was an action of trespass, brought to February rules, 1866, in the circuit court of Wood county.

As the questions determined here arose upon the demurrer to the declaration, it is here inserted:

"The Baltimore and Ohio Railroad Company were summoned in said circuit court to February rules, 1866, to answer the said Allen S. Barnum of a plea of trespass.

And therefore, the said plaintiff complains for that on the sixth day of January, 1866, in a certain car belonging to said defendants (which are a body corporate created by the Legislature of the State of Maryland, but owning a railroad and property in the State of West Virginia), to wit, in a certain car attached to the mail train running on said day, between certain places, among others between the town of Grafton and the city of Parkersburg, both in the State of West Virginia, the said defendants then and there, by their servant or agent,

to wit, by the conductor of said mail train, acting under and by reason of the orders, directions, and commands of the said defendants, forcibly and wrongfully ejected, expelled, and put out the said plaintiff from the said car, and from the use, occupation, and enjoyment of the same, at a certain station on the route of the said Baltimore and Ohio Railroad, to wit, at the station known as Eaton's Station, in the county of Wood and State of West Virginia, by reason whereof the said plaintiff was detained and obliged to remain at said station for a great space of time, to wit, for the space of about twelve hours, and did suffer greatly from cold, hunger, anxiety, and fatigue, and thereby became and was sick, sore, lame, and disordered, and so remained and continued thence, hitherto, during all of which time, he, the said Allen S. Barnum, thereby suffered and underwent great pain and anxiety, and was hindered and prevented from transacting and performing his necessary affairs and business, by him during that time to be transacted and performed; and also, thereby, the said Allen S. Barnum was forced and obliged to, and did necessarily pay, lay out, and expend a large sum of money, to wit, the sum of two hundred dollars, in and about endeavoring to be cured of the sickness, soreness, lameness, and disorder aforesaid. And other wrongs the said defendants then and there did against the peace of the State of West Virginia, and to the damage of the said Allen S. Barnum of ten thousand dollars; and therefore said plaintiff brings this suit."

The court below sustained the demurrer, and the plaintiff appealed.

*Sands* for the plaintiff in error.

*Lee* for the defendant in error.

For the defendant and appellee it is insisted that the judgment was right, and that the declaration was not sufficient in law. And in support thereof defendant will rely on the following points:

1. That for the grievances complained of in the declaration the remedy was by action on the case and not in trespass.

2. That if trespass could be maintained by the grievances stated in the declaration, yet that the declaration is fatally

defective in failing to show that the plaintiff had a right to recover in any form of action whatever.

1. That the action should have been in case and not in trespass.

If the injury complained of be not the immediate consequence of the act imputed to the defendant but only secondary or consequential, it is well settled that the action must be case and not trespass. The latter lies where the injury from the act complained of is direct and immediate. If it be subsequently ensuing, secondary or consequential, the proper remedy is in case; 2 Tuck. Comn. (57); Ibid. (93); *Scott* vs. *Shepherd*, 2 Bl. Rep., 892; *Winslow* vs. *Beal*, 6 Call., 44; *Taylor* vs. *Rainbow*, 2 H. & M., 423; *Shaver* vs. *Dougherty*, 6 Munf., 110.

Now upon looking to the declaration it will be found that all the injuries which the plaintiff complains of were purely scondary and consequential to the act imputed to the defendant. The complaint is not for having been beaten, bruised or wounded by the defendant, or of any direct or immediate personal injury from the act of the defendant. Take the whole declaration together and we find that what the plaintiff complains of is that in consequence of the defendant refusing to transport him over its road on its cars, and putting him off of the train, he was compelled to remain at Eaton's Station for twelve hours, and during that time suffered from cold, hunger and fatigue, and that in consequence of this exposure and detention he became sick and disordered, and whilst so, suffered much pain, and was hindered from attending to his business, and was put to expense in providing and using the means necessary to his recovery. Plainly, therefore, the action is for the consequential damage accruing to the plaintiff in consequence of the defendant's refusal to transport him over its road and compelling him to leave the train, and should have been upon the case and not in trespass.

If it be said that the charge is ejecting the plaintiff from the car, *vi et armis*, amounting to an assault and battery, the answer is that no battery nor even an assault is charged, and if both had been, although the plaintiff may have sued the conductor who used the force for the assault and battery, he cannot maintain the action against the corporation. A corporation can no more commit an assault and battery than it can

treason, felony or perjury. It is true that according to the course of modern decisions, a corporation may be sued for various trespasses committed by its authority or command, yet assault and battery is not of the number. A corporation can neither maintain nor be made defendant to an action for a battery or such like personal injuries, for a corporation can neither beat nor be beaten in its body politic; 1 Black. Comm., 503; 1 Wooddison's Lect., 494; Angell on Corporations, § 388. And the point was expressly decided in *Orr* vs. *Bank of the United States,* 1 Hamm. in (Ohio) Reports, 28. In that case Burnet, J., in an able opinion from which there was no dissent, reviewed all the authorities on the point and comes to the conclusion that whilst there are many cases in which trespass can be maintained against a corporation, yet that an action for assault and battery will not lie against it. The conductor or other servant of the company who committed the assault, may be sued in assault and battery, but if the company is to be held liable for the injury occasioned by his act, it must be by an action on the case and not in trespass. (Angell on Carriers, § 603. See also Angell on Corp., § 386, 387, 388.)

It may be said that we have a statute which provides that in any case in which an action of trespass will lie, an action of trespass on the case may be maintained. This is true; but the converse of the proposition is not. The statute does not provide that where trespass on the case will lie, an action of trespass may be maintained. Whilst the range of the action of trespass on the case is greatly extended by the statute, that of the action of trespass is left exactly where it was at common law, and no action of trespass can be now maintained since the statute that might not have been maintained at common law before the statute was enacted.

2. No case is stated in the declaration upon which the plaintiff had a right to recover in any form of action whatever.

It is an elementary rule of pleading that every declaration in any form of action must make a case showing the plaintiff's right to recover against the defendant. The right of the plaintiff must be shown, and the manner in which his right has been infringed by the act done by the defendant. If the action be to recover title or possession of real property, the plaintiff's title or right to the possession must be averred in

the declaration, together with the wrongful act of the defendant in withholding the same. If it be to recover for personal chattels taken away, or for injury to them, the plaintiff's ownership must be averred, together with the wrongful act of the defendant concerning them. If it be for excluding the plaintiff from a public place, his right to be there must be distinctly averred. See 1 Chitty's Pl., Title: "Of the Declaration;" 2 Tuck. Comm., 90, 93, 191, 192, 247; Code of W. Va., Title, "Of the Action of Ejectment;" *Hite* vs. *Long*, 6 Rand., 157.

So in an action of trespass for forcibly excluding plaintiff from the vestry room of the parish, and preventing him from attending a meeting of the vestry and giving his vote as a parishioner and inhabitant of the parish, "paying scot and bearing lot" in the same, the declaration should allege that he was as such parishioner and inhabitant, entitled to enter the vestry room and give his vote. 2 Chit. Pl. (Springfield Ed., 1833), 853. And in an action of trespass for forcibly preventing the plaintiff from entering a Quaker meeting-house during the time of religious worship, the declaration should allege that it was at the time lawful for the plaintiff to enter the house. 2 Chit. Pl., 854. So for obstructing plaintiff's right of way or of common, or disturbing his ferry right, or for disturbance of a pew right or market right, &c., the plaintiff's right or interest in the subject must be distinctly alleged. 2 Chit. Pl., 786 to 818. And such is the universal rule.

Now, if we turn to the declaration in this case, we will see that it wholly fails to meet this most important requirement. It alleges that the defendant is a Maryland corporation, but that it owns a railroad and property in West Virginia, and that on a day named, by one of its conductors and servants acting under its orders, it forcibly ejected and excluded plaintiff from a certain car attached to the mail train running on said day between Grafton and Parkersburg, and from the use, occupation and enjoyment of the said car, at a certain station known as Eaton's Station, in Wood county, by reason of which plaintiff was detained, exposed to cold, hunger, &c., become and continued sick and lame, and was put to expense about his cure as well as prevented from attending to his business This is about the substance of the declaration. There is no

allegation that the plaintiff had any right whatever to be in the car. It is not alleged that the defendant was a common carrier of passengers, or that it was bound to carry such as should offer. It is not alleged that he was a passenger or offered himself as such, or that he had a ticket, or had paid his fare or offered to do so, or that he had any legal right whatever to be on the train. It is not alleged that the car from which he was excluded was a passenger car in which passengers were usually transported; for aught that is alleged, it might have been the mail car or the baggage car, into neither of which could he have had the right to enter even if he had been a regular passenger. In short, it does not appear that he had any right whatever to enter or remain in the car from which he was excluded. From all that is alleged, he was an intruder and a trespasser himself. He might have been a mere loafer, or there for some improper purpose. Whatever he may have been, having no right to be on the train, it was the duty of the company to protect its regular passengers against intrusion and annoyance from persons having no right to be of their company, and it had the right to use the means necessary for this purpose. Public convenience, not less than the interests of the railway company, requires that they should have the right of excluding persons who improperly intrude themselves into their cars, and the law will protect them in its exercise, unless, peradventure, undue and unnecessary force be employed for the purpose. But in this case no excess of force is alleged or pretended.

It is submitted, therefore, that the declaration in this case shews no right in the plaintiff to recover in any form of action, and that the demurrer to the same was necessarily and properly sustained. And although the plaintiff might have supplied the proper averments by obtaining leave to amend his declaration, he did not choose to ask for it, but preferred to bring the case to this court on the declaration as it was, by an appeal. This court, therefore, is only called upon to pronounce upon the declaration as it is, and if it be insufficient it has no alternative but to affirm the judgment.

BERKSHIRE, P. The only questions involved in this case arise on the demurrer to the declaration. The action is tres-

pass *vi et armis* for the recovery of the secondary or consequential damages, alleged to have been sustained by the plaintiff, by reason of his having been forcibly ejected from a certain car belonging to the defendant, by its agent acting under its advice and order, said agent being then and there the conductor of the train and car from which the plaintiff was so ejected and expelled. It was insisted by the counsel for the appellee, that the proper remedy for the grievance complained of, was an action of trespass on the case, and that trespass *vi et armis* would not lie upon the case made by the declaration. By section 7 of chapter 148 of the Code of 1860, p. 635, it is provided that "in any case in which an action of trespass will lie, an action of trespass on the case may also be maintained." But the converse is not provided, and the action of trespass, therefore, as to the cases in which it will lie, remains as at common law. And it is clear that at the common law, such action could be maintained only when the *injury complained of* was the *direct* and immediate result of the act of the defendant complained of. But it never lay for secondary and remote damages, the remedy in such cases (before our statute) being an action of trespass on the case. I am aware of no civil remedy at common law, for a direct and willful trespass and injury done with force by the defendant to the *person* of another, except an action of trespass for an assault and battery. An action of trespass on the case will now lie under our statute, and such action would also embrace the consequential as well as the immediate damages resulting from the act. In this case, however, the action is not for the assault and battery, or for any immediate injury done to the person of the plaintiff; but it is trespass *vi et armis* for the secondary and consequential damages alleged to have ultimately ensued from the original trespass in ejecting the plaintiff from the defendant's car. Authorities were cited to show that an action for an assault and battery committed by its agents would lie against a corporation. The authorities as to this question are conflicting somewhat, and it is unnecessary to decide it, as no such action in this instance has been instituted. The declaration shows a case, therefore, in which trespass at common law would not lie, and for this reason the demurrer was properly sustained. It was further insisted that the declara-

tion fails to show any case upon which the plaintiff is entitled to recover. I think this objection must be sustained also. The declaration avers it is true, that the plaintiff was wrongfully ejected and excluded from a certain car belonging to the defendant, by an agent of the latter. But nothing is alleged to show the plaintiff's right to be in and upon the car, or that such ejection and expulsion therefrom was in fact improper or illegal. The car being the property of the defendant, in possession of its agent at the time of the alleged trespass, and the plaintiff having no *unconditional* right to be in and upon it, or to enjoy it, for aught that is averred in the declaration, he was there without rightful authority, and consequently his *expulsion* was not necessarily wrongful. It is not enough for the plaintiff to aver generally that he was *wrongfully* put off and excluded from the car, but he must set forth in the declaration sufficient to show such wrongful expulsion. This he has clearly failed to do, and the declaration in this respect, therefore, is fatally defective. The judgment must be affirmed with cost and damages.

The remaining members of the court concurred.

JUDGMENT AFFIRMED.