CITY OF GRAFTON v. GENTRY BROS.' SHOWS.

(Circuit Court of Appeals, Fourth Circuit. March 9, 1917.)

No. 1492.

1. APPEAL AND ERROR ⊙⟶362(1)—RECORD—FILING OF ASSIGNMENT OF ERROR.
   Rule 16 for the Circuit Court of Appeals (150 Fed. xxix, 79 C. C. A. xxix) declares that it shall be the duty of the plaintiff in error or appellant to docket the case and file the record thereof with the clerk by or before the return day, whether in vacation or in term time, but for good cause shown the time may be enlarged. Counsel for plaintiff in error, after being served with notice of a motion to dismiss on the ground the petition in error was not accompanied by an assignment of errors, procured a certificate from the clerk of the District Court that the assignment of errors was properly filed in the court below, but by inadvertence was omitted from the record. Such certificate was filed in the Circuit Court of Appeals before the date on which the motion to dismiss was set for hearing. Held that, under the circumstances, it was the duty of counsel for plaintiff in error, if desiring to have the assignment of errors made a part of the record, to suggest a diminution of the record and request the Circuit Court of Appeals to grant an order directing the clerk of the District Court to transmit that portion of the record omitted, and, having failed to do so, the writ of error will be dismissed.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1960, 3282–3284.]

2. APPEAL AND ERROR ⊙⟶728(2)—ASSIGNMENTS OF ERROR—SUFFICIENCY.
   An assignment of error complaining of the admission of evidence, which does not quote the full substance of the evidence admitted, is insufficient under rule 11 for the Circuit Court of Appeals (150 Fed. xxvii, 79 C. C.

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. xxvii), declaring that, when the error is to the admission of evidence, the assignment of errors shall quote the full substance of the evidence admitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3011.]

3. APPEAL AND ERROR ☞977(1)—NEW TRIAL ☞6—REVIEW—MATTERS REVIEWABLE.

The granting or refusing of a motion for new trial is in the discretion of the lower court, which cannot be reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3860; New Trial, Cent. Dig. §§ 9, 10.]

In Error to the District Court of the United States for the Northern District of West Virginia, at Clarksburg; Alston G. Dayton, Judge.

Action between the City of Grafton and Gentry Bros.' Shows. There was a judgment for the latter, and the former brings error. Writ dismissed.

John L. Hechmer and G. W. Ford, both of Grafton, W. Va., for plaintiff in error.

Edward G. Smith and Stephen G. Jackson, both of Clarksburg, W. Va., for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This case comes here on writ of error from the District Court of the United States for the Northern District of West Virginia. The defendant in error at the first call of this case entered a motion to dismiss upon the grounds (1) that the record was not filed and printed as provided by rule 16 (150 Fed. xxix, 79 C. C. A. xxix); and (2) the petition for writ of error was not accompanied by an assignment of errors.

Notwithstanding the fact that the motion to dismiss was set down for hearing on February 12, 1917, and notice thereof was given to plaintiff in error, counsel failed to appear or file any brief in opposition thereto, and, further, when the case was called for argument, counsel did not appear, but filed a brief in opposition to the motion, and also a brief on the merits.

[1] Counsel insist that we ought not to dismiss the writ of error, inasmuch as the clerk of the District Court has certified that the assignment of errors was properly filed in the court below on October 4, 1916, and should have been incorporated as a part of the record, but by inadvertence was omitted therefrom, notwithstanding the assignment of errors had theretofore been properly filed and was in the papers when the record was prepared.

· It appears that counsel were served with notice of motion to dismiss on the 2d day of February, and on the 7th day the clerk issued the certificate in question which was filed here on the following day, to wit, the 8th day of February. Thus it appears that this certificate was made after the motion to dismiss was filed in this court. Under the circumstances, it was the duty of counsel, if they desired to have the assignment of errors made a part of the record, to have suggested a diminution of the record and requested this court to grant an order directing

the clerk of the District Court to transmit to this court that portion of the record which had been omitted. This counsel failed to do. The clerk of the lower court, in the absence of such authority, had no right to transmit the assignment of errors after the record had been made up, transmitted, and the case docketed in this court. Thus it will be seen that counsel have utterly failed to comply with the rule as respects the preparation and filing of assignment of errors.

Among other things, rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii) contains the following provision:

"* * * But the court, at its option, may notice a plain error not assigned."

In pursuance of this provision we have carefully examined the charge of the court below, and its refusal to grant certain instructions requested by the plaintiff in error; but, being of opinion that the court did not err in either instance, we would not be inclined to disturb the judgment of the court below, even if the case had been properly brought here, and this disposes of the point sought to be raised by the second alleged assignment of error.

[2] In addition to what we have said, it appears from an examination of the alleged assignment of errors that the first assignment is not in conformity with rule 11, in that it does not quote the full substance of the evidence admitted. Newman v. V. T. & C. Steel & Iron Co., 80 Fed. 228, 25 C. C. A. 382; Cole Mfg. Co. v. Mendenhall, Adm'x (decided by this court March 8, 1917) 240 Fed. 641, —— C. C. A. ——.

[3] And the third assignment, which relates to the refusal of the court below to set aside the verdict of the jury, is not well taken, inasmuch as the granting or refusing of such motion is in the discretion of the trial judge, and therefore not reviewable. This disposes of the point sought to be raised by the third alleged assignment of error.

It sometimes occurs that, after an examination of the record, as in this instance, the judgment of the court below should not be disturbed, even if the case had been properly before us; but it not infrequently occurs that such is not the case, and we sincerely trust that the attorneys of this circuit will in the future conform more strictly to the rules and practice by which this court is governed.

For the reasons stated, the motion to dismiss is granted.

Dismissed.