# CHARLESTON.

CHARLES G. WHITE *v.* MONONGAHELA VALLEY TRACTION CO.

Submitted February 20, 1923.    Decided March 18, 1924.

FORMER CASE CONTROLLING:

> This case is governed by the principles of law announced in the opinion this day handed down in the case of Maggie J. Blackwood v. Monongahela Valley Traction Company.
> 96 W. Va.

Error to Circuit Court, Marion County.

Action by Charles G. White against the Monongahela Valley Traction Company. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Tusca Morris, Osman E. Swartz,* and *A. J. Colborn,* for plaintiff in error.

*Haymond & Haymond* and *Shaw & Shaw,* for defendant in. error.

LITZ, JUDGE:

This action grows out of a collision between the automobile of Maggie J. Blackwood, while driven by her husband, James F. Blackwood, and the street car and electric locomotive of defendant, at the intersection of Euclid Street and East Park Avenue in the city of Fairmont. The plaintiff, who was riding in the automobile at the time of the accident, as the invited guest of James F. Blackwood, sustained serious injury. He recovered judgment against the defendant for $2500.00, predicated upon the alleged negligence of defendant's servants in charge of the street car and locomotive, resulting in the said collision and injury to plaintiff. To that judgment defendant prosecutes this writ of error.

The material facts in relation to the collision are fully set out in an option handed down today in the case of *Maggie J. Blackwood* v. *Monongahela Valley Traction Company.* We held in that case that a binding instruction directing a verdict for the plaintiff upon a finding of negligence against the defendant was improper as ignoring the defense of contributory negligence; and that an instruction tendered by defendant should have been given, which would have told the jury that the mere fact that the injury complained of was sustained while the automobile was being driven over defendant's street car tracks raises no presumption of negligence against the defendant. Like rulings were made by the trial court in this case on similar instructions. For the reasons stated in the other case, we hold that these rulings were erroneous.

It was also held in the other case that, as the driver of the

automobile had stated that he observed the approach of the street car in time to have stopped and avoided entering upon the tracks in advance of it, the motorman of the street car was not negligent in failing to sound a warning of its approach. However, in this case, as it does not appear that the driver of the automobile knew of the approach of the street car in time to have stopped and avoided entering upon the tracks in advance of the car, it may be that the ruling of the trial court on this question is right. But if the motorman on the locomotive was negligent, as we think he was, in failing to sound a warning, it does not seem that the motorman of the passenger car, which was proceeding slowly and had actually stopped before reaching the crossing, was guilty of negligence in failing to warn. The fact that the brakes were not applied on the locomotive until after the collision is almost conclusive that the motorman was not keeping a proper lookout.

Deeming the other errors assigned without sufficient foundation, for the foregoing reasons we reverse the judgment of the circuit court, set aside the verdict of the jury and award plaintiff a new trial.

*Reversed and remanded.*