# CHARLESTON.

### George M. Atkins v. Claude B. Bartlett

(No. 5547.)

Submitted March 9, 1926.    Decided March 30, 1926.

Appeal and Error—*After Admonition That Matter of Insurance Should Not be Brought Into Case, Plaintiff's Volunteering Information While Testifying in His Own Behalf That Defendant and Said He Carried Indemnity Insurance, Although Stricken Out by Court, Was Reversible Error.*

Where, during the trial of a personal injury case, after an admonition of the court to the effect that matters of insurance should not be brought into the case, the plaintiff, while testifying in his own behalf, volunteers information to the effect that defendant said he carried indemnity insurance, although the same be stricken out by the court, such statement by the plaintiff constitutes reversible error.

Hatcher, Judge, absent.

(Appeal and Error, 4 C. J. § 2972.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marion County.

Action by George M. Atkins against Claude B. Bartlett for personal injuries. Judgment for the plaintiff, and defendant brings error.

*Judgment reversed; verdict set aside; new trial granted.*

*Shaw & Shaw,* for plaintiff in error.

*William S. Haymond* and *Frank C. Haymond,* for defendant in error.

WOODS, JUDGE:

A judgment was entered by the circuit court of Marion County on a verdict for the plaintiff, in a personal injury case, and the defendant brings error.

The accident complained of occurred on Main Street, in the City of Mannington, a few feet west of the Market Street intersection. Main runs practically east and west, and is intersected at right angles from the south by Market, which extends but a few feet north of said intersection. Plaintiff, on a motorcycle, approached the intersection from the south, made a left turn, intending to continue west on Main Street. Defendant, in a Reo car, approached said intersection from the west, intending to continue on out Main Street. There is a material conflict between the plaintiff and defendant's contentions respecting the responsibility for the collision. Plaintiff states that he was approaching the intersection at about six or seven miles an hour; that he made a wide turn, keeping to the right of the center of the intersection; that he saw defendant's car approaching before he (plaintiff) reached the intersection; that the car was being driven by defendant on the wrong (defendant's left) side of the street; that plaintiff saw that he still had enough room to pass by keeping to his lawful side of the street, but that defendant's car unexpectedly swerved further to the left (plaintiff's right) and struck plaintiff, breaking both bones in his left leg below the knee, and throwing him over into a yard. Defendant claims that he was driving ten or twelve miles an hour; that he was using the middle of the street to pass a Ford which was parked on the right side of the street a short distance west of the intersection; that he saw the plaintiff make the turn; that plaintiff cut to plaintiff's left of the center of the intersection and was headed directly at defendant's car; that defendant endeavored to dodge the plaintiff (who was at that time in the middle of the street by turning his car toward the left curb, and that plaintiff likewise shifted and ran into his car. Plaintiff also stated that the defendant assisted another party in getting him (plaintiff) into a car, and that he (plaintiff) said, "For God's sake, Claude, what was you trying to do?" and that defendant answered, "I don't know, George.

It was my fault." Defendant denies this statement, but states that he said, "I was trying to miss you, George." Both the plaintiff and defendant were supported by the evidence of other witnesses concerning the collision.

The main grounds of error go to (a) the sufficiency of the declaration; (b) bringing before the jury by the plaintiff of the fact that the defendant carried indemnity insurance; and (c) concerning the instructions. These grounds will be considered in their order.

The action here is in trespass. This action lies to recover damages for immediate wrongs, accompanied with force, to the person by menace, assault, battery, wounding, mayhem, or imprisonment. Trespass on the case lay at common law to recover damages for torts not committed with force, where the matter affected was not tangible, or the injury was not immediate, but consequential, or where the interest in the property was only a reversion. 1 Saund, Pl. & Ev. 411. By virtue of our statute (Code, Chap. 103, § 8), this action may now be brought in all cases where trespass only could be maintained at common law; so that with us it is immaterial whether the damages be immediate or consequential, the action nevertheless lies (*Barnham* v. *B. & O. R. Co.*, 5 W. Va. 10), though the converse is not true. In the instant case, however, the declaration charges a wrongful act resulting in immediate injury, hence it is proper to declare in trespass. 3 Rob. Pr. 421.

It is claimed that the plaintiff purposely brought evidence into the record showing that the defendant carried accident insurance. During the course of the trial Mr. Phillips, one of plaintiff's witnesses, in answering several questions propounded by both plaintiff and defendant's attorneys, incidently referred to "Travelers' Insurance Company" and to "Mr. Clayton, an insurance agent." On re-direct examination of this same witness, defendant's counsel entered objection to several questions concerning "Mr. Clayton", which objections were overruled. Mr. Phillips was then asked, "For what company?" (inquiring as to the company for which Mr. Clayton was agent), and answered, "Travelers' is one of them." This last question was objected to, and at this junc-

ture the court admonished counsel as follows: "I am a little afraid of that question, gentlemen. Our courts have held very recently that you shall not drag into the case the question of insurance; that must be left out." And, on further objection, the court ruled that the last-quoted question and answer be stricken from the record. In view of the fact that the evidence objected to did not disclose whether it was the plaintiff or defendant that carried accident insurance, or either of them, it was unprejudicial to either side, and therefore harmless. But the matter of insurance did not end here. The plaintiff was later called to the stand. While testifying regarding an alleged conversation with the defendant, in the presence of plaintiff's wife, at plaintiff's home, a few days after the accident, in response to a question: "Was anybody else present?" answered, "Nobody. And he (defendant) stated he was sorry the accident occurred; that it was his fault, and that he was insured and would take care of it."

This Court has held in numerous decisions that it was error to admit evidence to the effect that defendant carried indemnity insurance. *Walters* v. *Appalachian Power Co.,* 75 W. Va. 676; *Christie* v. *Mitchell,* 93 W. Va. 200; *Moorefield* v. *Lewis,* 96 W. Va. 112; *Covington* v. *Navarre,* 99 W. Va. 431; *Ambrose* v. *Young,* 100 W. Va. 452; *Adams* v. *Ice Cream Co.,* 101 W. Va. 35. The judgment in the *Moorefield case, supra,* was sustained only because it was a plain case for recovery by the plaintiff, and there was no reflection of prejudice in the amount of damages assessed by the jury. In the instant case there is a sharp conflict in the evidence—a case for jury determination—and such evidence may have materially influenced the jury in arriving at their verdict. In *Covington* v. *Navarre, supra,* and *Ambrose* v. *Young, supra,* the objectionable matter was brought into the case through inadvertance. The court in the former case said: "It does not appear that counsel * * * could have anticipated the objectionable answers of the witness. In view of these facts, a reversal of the judgment on the ground here advanced would be unfair to the plaintiff." And in the latter case, the court held: "Testimony volunteered by a witness in such case, to the effect that the defendant was protected by indemnity insur-

ance, is not reversible error, where it clearly appears that counsel for the plaintiff did not solicit such testimony, and could not have anticipated the objectionable answer of the witness, and where the court instructed the jury to disregard it.'' However, in the instant case the situation was quite different. In this case it was the plaintiff himself, and not a third party, that brought the question of insurance into the case. And this testimony was volunteered in the face of the previous admonition of the court to the effect that such information was not proper. The impropriety of such evidence is unquestionable. The only purpose it could serve was to prejudice the jury in favor of the plaintiff and against the defendant. While the learned trial judge made a proper disposition of it by ruling that it was improper and instructing the jury to disregard it, yet its effect could not be effaced from their minds. It seems clear to us that the plaintiff cannot be absolved from the effect of his own error under any of the rules we have laid down in our decisions. In the recent case of *Adams* v. *Ice Cream Co., supra,* where this information was carried to a jury on their *voir dire* examination, it was held to be reversible error. We cannot hold otherwise in view of the circumstances in this case.

The defendant singles out instructions four, seven, thirteen, fourteen and seventeen, given on behalf of the plaintiff, as being open to criticism. Instruction number four was approved by this Court in *White* v. *Traction Co.,* 96 W. Va. 9. We are of opinion that it was properly given here. Instruction seven is not a binding instruction. By it the court merely undertook to define negligence and applies the acts of the defendant to it. It does not tell the jury the effect of the negligence. The definition there given is in accord with the decisions. *Washington* v. *Railroad Co.,* 17 W. Va. 190; *Nuzum* v. *Railroad Co.,* 30 W. Va. 228; 4 Randall's Instr. p. 4363. Instruction thirteen embodied section 96, chapter 43, clause C, Code, and applied it to the facts in the case. Instruction fourteeen merely told the jury that the operator of the motorcycle had an equal right with the driver of an automobile to the use of the public streets at or near street crossings, and that neither had a superior right to the other in the use of

same.   This is the law.   *Ashley* v. *Traction Co.*, 60 W. Va.
306.   Instruction seventeen presented the duty of the defend-
ant in the premises under Chap. 43, section 96, clause C,
Code. As to the defendant's complaint of the refusal of cer-
tain instructions offered by him, we do not find that he has
any substantial ground of complaint on account of the court's
action in this regard.

The judgment is reversed, the verdict set aside, and a new
trial granted.

*Judgment reversed; verdict set aside; new trial granted.*