## CITY ICE & FUEL CO. v. DANKMER.

### No. 3186.

Circuit Court of Appeals, Fourth Circuit.

Oct. 12, 1931.

Martin Brown, of Moundsville, W. Va. (Handlan, Garden & Matthews, J. Bernard Handlan, G. Alan Garden, and Howard D. Matthews, all of Wheeling, W. Va., on the brief), for appellant.

Carl B. Galbraith, of Wheeling, W. Va. (J. J. P. O'Brien, of Wheeling, W. Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action instituted in the District Court of the United States for the Northern District of West Virginia, at Wheeling, by the appellee, hereinafter referred to as the plaintiff, against the appellant, hereinafter referred to as the defendant. Plaintiff claimed damages in the sum of $50,000 for personal injuries claimed to have been sustained by him as a result of a collision between a truck owned by the defendant, and driven by one of its employees, and the plaintiff's automobile.

The alleged accident occurred on the 24th day of July, 1929. Prior to that time and until the 22d day of July, 1929, the plaintiff had been general manager of the defendant company, which used a number of trucks in the delivery of ice, and had been, while general manager, in charge of these trucks.

On the day of the accident plaintiff had been to the plant of the defendant. As to why he was there there was a conflict in the testimony. Witnesses for the defendant claimed he was there giving instructions as to the business. Plaintiff denied this and claimed he had gone to the plant for the purpose of getting some of his personal belongings. A new manager had been employed and had taken charge of defendant's plant the day before the accident. In any event, the plaintiff had left the plant and was seated in his automobile which was standing in the street in front of defendant's office when his car was hit by the truck driven by one of defendant's employees, and plaintiff claimed to have been injured.

On the trial in January, 1931, the jury

930

returned a verdict for the plaintiff in the sum of $3,625, upon which verdict the court entered judgment, from which judgment this appeal was brought.

■ ·It is contended on behalf of appellant that the court erred in overruling the demurrer to the declaration, on the grounds that it did not properly plead the facts so as to show whether the accident occurred on an urban or suburban street. Section 75, chapter 43 of the West Virginia Cumulative Statutes, provides as follows: "(r) *Urban street; suburban street.* An urban street shall be a public road or highway, or portion thereof other than an open country highway, or suburban street. A suburban street shall be a public road, highway or portion thereof, not less than one-fourth of a mile in length, on either side of which the buildings average less than three hundred feet apart, but more than fifty feet apart."

Section 95, chapter 43 of the West Virginia Cumulative Statutes, provides that the speed permissible on an open country highway is thirty-five miles per hour, on suburban streets twenty-five miles, and on urban streets fifteen miles per hour. An examination of the declaration shows that it charges that defendant's truck was, at the time of the accident, traveling at a greater rate of speed than was permitted by law for either an urban or a suburban street. The declaration was good, and there was no merit in the demurrer.

■ Again it is contended for the appellant that the trial judge erred in asking the jurors if they were stockholders, officers, agents, or employees of any insurance company, and that thereby the jurors were informed that the defendant was protected by indemnity insurance.

It has been held a number of times by the courts, especially the Supreme Court of West Virginia, that the jury should not in any manner be apprised of the fact that the defendant was protected by insurance. See Atkins v. Bartlett, 101 W. Va. 263, 132 S. E. 885, and cases there cited.

Here, however, the question was not asked of the jurors with respect to this particular case, but was asked by the judge below, of all jurors that constituted the panel, on the first day of the term, which was an adjourned term and before this trial began. There was no mention during the trial of this case, either directly or indirectly, of the fact that the defendant carried liability insurance, nor is it ascertainable from the record that such is the fact. It would be unthinkable that any "stockholder, officer, agent or employee" of an insurance company, while not appearing in the record, that was the real party at interest to the action, should sit as a juror in the trial of a case. We know of no better or fairer way to avoid such a situation than the course taken by the learned judge below. Certainly the questions asked here of all the jurors in attendance on the court, and not asked with respect to any particular case, were not improper but highly proper, and their asking under these circumstances did not constitute error.

■ It is alleged that the trial court erred in admitting evidence as to the effect of permanent injuries when there was no evidence that the plaintiff was permanently injured. Assuming, without deciding, that error was committed in the admission of this evidence, it certainly was harmless error from the fact that the amount of the verdict shows that the jury did not regard the plaintiff as permanently injured.

■ Assignments of error Nos. 7 to 11, inclusive, do not comply with rule 11 of this court, in that they do not set out in full the substance of the evidence admitted. See City of Grafton v. Gentry Bros. Shows (C. C. A.) 240 F. 646, where this court discusses this rule. See, also, Wagner Electric Corporation v. Snowden (C. C. A.) 38 F.(2d) 599. Not having complied with the rule, the errors assigned may properly be disregarded. Examination of them by the court, however, fails to disclose any prejudicial error.

There was ample evidence to sustain the verdict of the jury, the judge's charge was fair and impartial, and there was no error in the trial.

· The judgment of the court below is accordingly affirmed.