# CHARLESTON.

## W. B. MOOREFIELD, ADMR. ETC., *v.* W. M. LEWIS

Submitted March 25, 1924.    Decided April 1, 1924.

1.  VERDICT.—*Special Finding of Act of Negligence of Defendant in Action for Negligence Not Inconsistent When Sustained by Evidence Sufficient to Support General Verdict.*

    In an action for negligence, a special finding, sustained by the evidence, of an act of negligence by the defendant, sufficient to support the general verdict against him, is not inconsistent therewith.    (p. 114).

2.  TRIAL—EVIDENCE.—*Errors in Rulings on Deemed Waived if Not Made Grounds of Motion for New Trial or Subject of Special Bills of Exception.*

    Errors in the rulings of the trial court upon admission and rejection of evidence are deemed to have been waived if not made grounds of motion for a new trial, or the subject of special bills of exception, showing the evidence and the rulings of the court thereon. (p. 114).

3.  SAME.—*Improper Remarks of Counsel Not Cause for Reversal if Jury Properly Instructed to Disregard Them and Court Unable to See Substantial Prejudice.*

    Improper remarks by counsel during the trial and in the presence of the jury are not cause for reversal if the jury are properly instructed to disregard them and the court is unable to see that substantial prejudice resulted. (p. 115).

4.  MOTOR VEHICLES.—*Driver of Must Exercise Reasonable Care in Operation Thereof Both as to Other Travelers and Passengers in Machine.*

    The driver of a motor vehicle is under the obligation of exercising reasonable care, not only for the safety of pedestrians and other travelers, but also for the safe transportation of his guests or other passenger in the machine. (p. 116).

McGINNIS, JUDGE, absent.

Error to Circuit Court, Wyoming County.

Action by W. E. Moorefield, administrator, etc., against W. M. Lewis. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Grover C. Worrell* and *John R. Pendleton,* for defendant in error.

*Fitzpatrick, Brown & Davis,* and *C. W. Strickling,* for plaintiff in error.

LITZ, JUDGE:

The plaintiff by action on the case recovered judgment against defendant in the sum of $5000.00 for the death of his decedent, Miss Sallie Porter, due to the alleged negligence of defendant. To that judgment defendant prosecutes this writ.

On the evening of August 23d, 1922, between seven and eight o'clock, the defendant left the town of Mullens, where he resided, in his five passenger Essex automobile for a pleasure drive over a recently constructed road, extending from Mullens for a distance of three or four miles. He was accompanied by a gentleman friend, Mr. Bean, and four young ladies, including the decedent and Miss Lucille Johnson. The defendant, sitting on the left in the front seat, drove the car. Miss Johnson and Miss Porter sat on the seat with him, the former being in the center. Mr. Bean and the other two young ladies occupied the rear seat. The road, attended with many curves and steep embankments, led up a mountain gorge of Guyandotte river. It terminated abruptly at the river bank, where the ground dropped perpendicularly twenty-five feet to the water. A proposed bridge to carry the road across the river at that point had not been constructed. No barriers or signs stood to warn travelers on the way. It was shown by plaintiff's evidence, however, that the situation of danger could have been observed by those using the highway for a distance of 250 or 300 feet.

The defendant had traveled the road before within a mile of its terminus at the river bank, but had been no further. He knew it had not been completed to a connecting road. The car was traveling from twenty to thirty miles per hour, and was within about 25 feet of the brink when defendant says he first discovered it. He immediately disconnected the power and applied the foot brake while Miss Johnson set the emergency brake. The car, however, could not be stopped and, reversing ends, it fell into the water, causing the death of Miss Porter and injury to others of the party.

The assignments of error will be considered in the following order:

(1) The plaintiff was permitted to introduce evidence by two witnesses for the purpose of showing the distance at which the point of accident could have been seen by approaching travelers. This evidence is excepted to on the ground that the questions propounded to the witnesses do not embody the essential facts proven in that relation, and especially in failing to take into consideration the fact that the accident occurred after dark. The preponderance of the evidence is to the effect that it was not dark but' dusk at the time. Besides, the testimony of one of the two witnesses assumes that the accident occurred at a time when the use of the head lights of the machine was necessary. Moreover, this exception cannot be considered. It was neither a ground of the motion for a new trial, nor the subject of special bills of exception. *Guyandotte Coal Co.* v. *Virginia Electric & Machinery Works,* 94 W. Va. 300, 118 S. E. 512.

(2) Defendant asserts that the verdict should have been set aside because of a special finding by the jury inconsistent with its general verdict.

At the defendant's instance the following special interrogatory was submitted to the jury: "If you find for the plaintiff, of what acts of negligence was the defendant, Lewis, guilty?" The jury answered this interrogatory by saying: "Failure to observe the road ahead as he should in front of him."

It is argued that the evidence not only fails to support the special finding but conclusively shows the defendant to

have kept a careful lookout. How can this be, notwith-
standing defendant's statement that he looked ahead, when
it is shown the embankment could have been discovered by
proper lookout at a distance of 250 or 300 feet away? If
there were curves in the road near the point of the accident,
as defendant contends, then in order to observe the road as
far as possible in advance he should have reduced the speed
of his car. In following the curves at the rate of speed he
was going, his gaze was necessarily on the road immediately
in front, and could not command a complete range ahead.
It was shown, as already indicated, that proper lookout would
have revealed the brink 250 or 300 feet away. So the special
finding, clearly sustained by the testimony, is not only con-
sistent with, but amply supports the general verdict.

(3) After the jury had been selected and sworn, counsel
for plaintiff in the course of an opening statement to the
jury said: "I might say that the defendant, Mr. Lewis, has
insurance". On objection by defendant the court promptly
ruled that the statement was improper, and could not be
considered by the jury. The defendant then moved to dis-
charge the jury on account of the remark. The motion was
overruled. It is now urged that the judgment should be
reversed and verdict set aside because of the trial court's
action in overruling this motion.

The jury in such case should not be apprised of the fact
that the defendant by indemnity insurance is protected
against damages. *Hollis* v. *U. S. Glass Co.*, 220 Pa. 49, 49
Atl. 55; *Horsford* v. *Carolina Glass Co.*, 92 S. C. 236, 75 S. E.
533; *Walters* v. *Appalachian Power Co.*, 75 W. Va. 676, 84
S. E. 617; *Stewart* v. *Newby* (C. C. A.) 266 Fed. 287; *Chris-
tie* v. *Mitchell*, 93 W. Va. 200, 116 S. E. 715; *Cosselmon* v.
*Dunfee*, 172 N. Y. 507, 65 N. E. 494.

In the case of *Christie* v. *Mitchell*, cited, where plaintiff's
counsel had attempted to show that defendant was protected
by insurance against recovery, it is held:

> "When counsel engaged in the trial of an action for
> personal injuries persists in asking questions of wit-
> nesses calling for testimony manifestly irrelevant and
> improper, and some of which questions are answered by
> them, the court may, if they are not disavowed by coun-

sel and the effect of such evidence thus expunged, set
aside the verdict on that ground, though the jury have
been told not to regard such improper questions and
answers.''

The trial court should have sustained the motion to dis-
charge the jury because of counsel's effort to inject into the
trial a matter so plainly erroneous and highly prejudicial to
defendant; and we would be inclined to reverse the case
on this ground, but for the fact that, in our opinion, a plain
case for recovery has been established by the whole evidence.
Defendant admits he was traveling twenty miles an hour
toward the ending of a ''blind'' road, leading up a mountain
gorge, with numerous curves and steep embankments. Some
of the evidence shows the speed to have been thirty miles
an hour.

''The driver of a motor vehicle is under the obligation of
exercising reasonable care, not only for the safety of pedes-
trains and other travelers, but also for the safe transporta-
tion of his guests or other passengers in the machine. The
express or implied duty of the owner and driver to the oc-
cupant of the car is to exercise reasonable care in its opera-
tion and not unreasonably to expose him to danger by in-
creasing the hazard of that method of travel.'' Huddy on
Automobiles, (6th Ed.) p. 880; 20 A. L. R. 1014, and 26 Id.
1425, annotations.

The defendant, no doubt absorbed in the pleasure of the
occasion, was without conscious sense of the danger. This,
however, does not relieve him of legal negligence. A person
in charge of an instrumentality as productive of injury as
an automobile in motion, should direct his attention to its
proper and careful operation. There is no claim that the
deceased appreciated the danger, or was guilty of contribu-
tory negligence.

The amount of the verdict for five thousand dollars cer-
tainly does not evince prejudice on the part of the jury
against the defendant.

''Improper remarks by counsel during the trial and in the
presence of the jury are not cause for reversal, if the jury
were properly instructed to disregard them, and the court

is unable to see that substantial prejudice resulted." *Roberts* v. *United Fuel Gas Co.*, 84 W. Va. 368, 99 S. E. 549.

We therefore affirm the judgment of the circuit court.

*Affirmed.*