C. C. WEBSTER *v.* BOARD OF EDUCATION OF RALEIGH COUNTY

(CC 527)

Submitted April 10, 1935. Decided June 8, 1935.

*W. W. Goldsmith,* for plaintiff.

KENNA, JUDGE:

C. C. Webster brought an action in trespass on the case against the Board of Education of the County of Raleigh in the circuit court of that county alleging that he was regularly employed by the board of education to assist in carrying and removing certain cement contained in bags from the basement of the Stratton High School in the City of Beckley, and in loading it upon trucks to be carried to other premises of the

board of education; that while engaged in that work at about seven o'clock A.M. on the 30th of July, 1934, he was seriously injured by slipping and falling upon a muddy and slimy doorsill that was not lighted sufficiently for him to discover the danger so that, without fault on his part, the injury resulted. The alleged negligence on the part of the board is permitting the doorsill to remain in a muddy, slimy and dangerous condition, and in failing to have the place sufficiently lighted.

A demurrer to the declaration was interposed asserting that the board of education, at the time of the injury, was a governmental instrumentality performing a governmental function, and for that reason no cause of action could arise against it under the circumstances alleged. The trial court sustained the demurrer and, on its own motion, certified its ruling to this court.

We are of the opinion that the principles involved in this case have, to all intents and purposes, been settled in this state by the cases of *Krutili* v. *Board of Education*, 99 W. Va. 466, 129 S. E. 486, and *Boice* v. *Board of Education*, 111 W. Va. 95, 160 S. E. 566. In the former case, the authorities to the effect that no cause of action arises against a school board unless the right is conferred by the legislature, and conversely, that if the right is so conferred, a cause of action does arise, are thoroughly reviewed by Judge Woods. The latter case involved a discussion and reaffirmance of the principle by Judge Hatcher, but, since it was a suit in chancery, it possibly did not involve the principle so directly as did the *Krutili* case. Both cases undoubtedly follow the result arrived at in the overwhelming number of decided cases.

It is not contended here that the legislature has by any act, through implication or otherwise, made county boards of education liable for negligence or subject to respond to tort actions, in general. The theory of the plaintiff is that the effect of certain provisions of the workmen's compensation law is to confer a right of action for negligence upon employees within the meaning of the act, and against county boards of education, for injuries which occur at times when the board of education is not a subscriber to the compensation

fund. Two sections of the compensation act operating together are relied upon to bring about this result. Code, 23-2-1, is the first section relied upon, and the relevant part thereof reads as follows: "All persons, firms, associations and corporations regularly employing other persons for the purpose of carrying on any form of industry or business in this state, county courts and municipal corporations, the state of West Virginia, and all governmental agencies or departments created by it, are employers within the meaning of this chapter and subject to its provisions, * * *." This is followed by Code, 23-2-8, which contains the following language: "All employers subject to this chapter, the state of West Virginia excepted, who shall not have elected to pay into the Workmen's Compensation Fund, the premiums provided by this chapter, or, having so elected, shall be in default in the payment of same, or not having otherwise complied fully with the provisions of section 5 of this article, shall be liable to their employees (within the meaning of this article) for damages suffered by reason of accidental personal injuries sustained in the course of employment caused by the wrongful act, neglect or default of the employer, or any of the employer's officers, agents or employees, and also to the personal representative of such employees where death results from such accidental personal injury, * * *."

The trial court was of the opinion that since county courts and municipal corporations are expressly mentioned as employers in section 1, article 2, chapter 23 of the Code, first herein quoted, that such express mention operates to exclude county boards of education under the familiar rule of *expressio unius exclusio alterius* and that county boards of education cannot be brought within the general description "all governmental agencies or departments created by it" (the State of West Virginia) because the language contained in the same section with reference to the payment of premiums and expenses by the governmental agencies and departments of the state shows a clear purpose not to include county boards of education within the general designation of the statute. The part of the section last referred to reads

398

as follows: "The premiums and all expenses in connection with the election of the governmental agencies and departments of the State of West Virginia shall be paid out of the state treasury out of the appropriations made for such agencies and departments, in the same manner as other disbursements are made by such agencies and departments." It is urged that since the quoted language was obviously not intended to make premiums and expenses that might be incurred by county boards of education charges upon the state treasury, they are not to be considered as coming within the class of governmental agencies included within that general term. We are of opinion that the reasoning of the learned trial judge on this question is correct. Certainly, it cannot be said that the section in question expressly confers the right of action contended for by the plaintiff. It seems to us, even conceding that such right of action might be conferred by implication, which some of the decided cases hold to be sufficient, that plain and well sustained rules of construction prevent that implication from arising here.

Being of the opinion that the workmen's compensation act does not confer upon the plaintiff the right of action for alleged breach of duty owed by the board of education to him as its employee, the ruling of the circuit court of Raleigh County upon the demurrer to the plaintiff's declaration is affirmed, and the certified question accordingly answered.

*Affirmed.*