DONALD A. BRADFIELD, *Administrator, etc.*

*v.*

BOARD OF EDUCATION 'OF PLEASANTS COUNTY *et al.*

(CC 702)

Submitted September 11, 1945. Decided November 22, 1945.

*S. A. Powell,* and *J. C. Powell,* for plaintiff.

*Frank J. Barron* and *Ambler, McCluer & Davis,* for defendant.

HAYMOND, JUDGE:

In this action of trespass on the case, instituted in the Circuit Court of Pleasants County, by Donald A. Bradfield, Administrator of Sue Lane Bradfield, his deceased infant daughter, as plaintiff, against The Board of Education of Pleasants County, Alta Drummond, Arthur Lewis Drummond, F. M. Cramblett and H. C. Lamp, as defendants, the trial court sustained the demurrer of the defendants, Board of Education, and the demurrer of the defendants, Cramblett and Lamp, to the declaration, and on its own motion certified the case to this

Court. Though served with process the defendants, Alta Drummond and Arthur Lewis Drummond, have entered no appearance in the case.

The plaintiff seeks to recover damages from the defendants because of their alleged negligence which resulted in the death of his child, a six year old girl, on January 28, 1944, while she was in the act of crossing a public highway. A bus of the Board of Education, in charge of Cramblett and Lamp, as its agents, had stopped on the road to discharge school children, including plaintiff's child, who had just alighted from it; and while she was running to cross the road, she was struck by the Drummond automobile as it was passing the bus from the opposite direction.

The declaration, which contains a single count, charges, in substance, that the defendant, Board of Education, the owner and operator of the bus in which it transported the child, her brother, and other public school children, to and from the school, through its agents, and Lamp, the driver, and Cramblett, the flagman, negligently and without proper regard for the safety of the children, permitted the child to run across the road toward her home and negligently signalled the oncoming automobile to pass; that the Drummonds, in operating the approaching automobile, negligently caused it to strike the child; and that these acts of the defendants together caused the death of Sue Lane Bradford, an infant, in Pleasants County, West Virginia. The specific acts of negligence charged to the Board and the driver and the flagman of the bus are: (a) Opening the door and permitting the child to go in front of the approaching automobile; (b) not stopping the automobile until she had safely crossed the highway; and (c) signalling the driver of the automobile to pass the bus without affording her proper protection. The specific acts of negligence charged to the defendants, Alta Drummond and Arthur Lewis Drummond, are: (1) Failing to stop the automobile not less than five feet from the bus until the children leaving it were safely discharged; (2) failing to pro-

ceed cautiously to pass the bus at a distance of at least eight feet from it; (3) passing the bus at a speed of twenty to twenty-five miles per hour; and (4) passing the bus incautiously at a distance of less than eight feet from it.

In addition to the above averments other statements are incorporated in the declaration that the Board of Education provided at public expense and carried insurance against the negligence of its school bus drivers. The allegations in the declaration on that subject are in these words:

"The defendant, The Board of Education of the County of Pleasants, is a statutory corporation authorized to provide at public expense adequate means of transportation for all school children who live more than two miles from school by the nearest available road or path, and to provide at public expense for insurance against the negligence of drivers of school busses, trucks or other vehicles operated by the Board, and if the transportation of pupils be let out to contract, then the contract therefor shall provide that the contractor shall carry insurance against negligence in such amount as the Board shall specify; that pursuant to the authority so vested in it by law the defendant Board of Education prior to the 28th day of January, 1944, purchased, owned and on said date operated seven school busses which cost in the aggregate the sum of $13,214.70, and provided at public expense and carried insurance against negligence of drivers of said busses; that said busses were used by the said The Board of Education in transporting school children of said County to and from school, and were driven and operated by servants, agents and employees of said Board."

The demurrer of the Board of Education assigns three grounds: 1. The Board was immune from liability for the negligence of its employees alleged in the declaration for the reason that it was engaged in the performance of a governmental function; 2. The maintenance by

the Board of insurance against the negligence of the drivers by its busses did not abolish its existing immunity from liability for the negligent acts of its employees while so engaged; 3. The allegation that the Board had provided at public expense and carried insurance against the negligence of the drivers of its school busses is objectionable and prejudicial to such an extent that it could not be given a fair trial if the allegation remained in the declaration, would necessarily result in a mistrial of the case, and renders the declaration demurrable.

The demurrer of the defendants, Cramblett and Lamp, assigns as its single ground the third ground assigned by the defendant, Board of Education.

The points of law arising upon the demurrer of the Board and certified to this Court are:

1. Was the Board immune from liability for negligence of its employees at the time of the accident pleaded in the declaration, for the alleged reason that it was then engaged in the performance of a governmental function?

2. Did the act of the Board in providing and carrying insurance against the negligence of drivers of school busses owned and operated by it, as pleaded in the declaration, impliedly abolish the existing immunity of the Board from liability for the negligence of its employees while driving and operating its busses in the performance of a governmental function?

3. Is the allegation in the declaration that the Board provided at public expense and carried insurance against the negligence of drivers of its school busses objectionable and, if so, can the objection be reached by demurrer?

The point of law, as certified, arising upon the demurrer of the defendants, Cramblett and Lamp, is identical with the third point certified upon the demurrer of the Board of Education.

The first two points certified as arising upon the demurrer of the Board involve the question of its immunity

- from liability for the negligence of its employees, and they will be considered together.

The question of the liability of a Board of Education for its negligence, while engaged in the performance of a governmental function, resulting in injury to a public school student, first came before this Court in the case of *Krutili* v. *Board of Education*, 99 W. Va. 466, 129 S.E. 486. It was there contended that the Board of Education of Butler District, in Hancock County, was liable to the plaintiff for personal injuries sustained by him while he was attending, and a pupil in, the high school of that district, over which school the Board had charge and control and which injuries were alleged to have been caused by its negligence. That contention was rejected and it was held that Boards of Education, being corporations of limited power, organized for public purposes, and, by statute, made a part of the educational system of the State, their duties in connection with the use of facilities for educational purposes in schools entrusted to their management, are governmental in character and that, in the absence of a statute making them so, they are not liable for negligence in the performance of such duties. It is not here asserted that any statute imposing such liability exists in this jurisdiction; and no such statute exists. In each of the cases subsequently arising involving this principle, this Court has adhered to the doctrine of the *Krutili* case and refused to recognize or impose, at the suit of an injured person, liability upon Boards of Education for injuries caused by their negligence while exercising governmental functions. *Boice* v. *Board of Education*, 111 W. Va. 95, 160 S.E. 566; *Webster* v. *Board of Education*, 116 W. Va. 395, 180 S.E.. 438. These holdings are supported by reason and authority and they establish the rule in this jurisdiction.

The plaintiff argues, however, that since the statute creating Boards of Education provides that the Board shall be a corporation and, as such, may sue and be sued, plead and be impleaded, the Board of Education of

Pleasants County, in this action, may notwithstanding the foregoing decisions, be proceeded against for the purpose of establishing the amount of the liability of the insurance carrier to a person who sustains injury by reason of the negligence of the driver of the defendant's bus, regardless of whether such amount can or can not be collected out of school funds. This position is unsound. It would be an anomaly to permit a recovery in any amount, the basis for which the law denies and the collection of which the law forbids. The entry of such a judgment, not legally enforcible, merely for the purpose of measuring or fixing the amount of the liability of a third person who is not even a party to the action, should not receive judicial sanction. A similar argument as to the effect of the above mentioned provisions of the statute, in subjecting a Board of Education to suit, was advanced in the *Krutili* case and was there considered and rejected with the comment that the Legislature intended, by the use of the language, merely to restrict the liability to suit of Boards of Education with respect to matters within the scope of their duties and to such things as they are empowered to do under the law.

The plaintiff cites and relies strongly upon the recent Kentucky case of *Taylor* v. *Knox County Board of Education*, 292 Ky. 767, 167 S.W. 2d 700, decided by the Court of Appeals of that State in 1943. Careful consideration of the opinion in that case discloses that the decision, so far as it permits the maintenance of an action against a county Board of Education by a school child for injuries allegedly caused by the negligence of a driver of a school bus owned and operated by the Board, was based upon an act of the General Assembly of Kentucky, passed in 1940, which provides that the insurance policy, authorized by the statute, should bind the insurer to pay any final judgment rendered against the Board for loss or damage to property or death or injury of any school child or other person. In Kentucky this statute permits a judgment against the Board of Education to determine the amount of the liability of the insurance company; in West Virginia there is no such

statute. This vital difference clearly distinguishes the Taylor case from the decisions of this Court and renders it inapplicable in this case.

Though the point was not involved in the *Krutili* and the *Webster* cases, the effect of the action of Boards of Education, in providing insurance against the negligence of drivers of busses operated by the Board, has been considered and dealt with by this Court. *Boice* v. *Board of Education*, 111 W. Va. 95, 160 S.E. 566; *Board* v. *Insurance Co.*, 116 W. Va. 503, 182 S.E. 87. These cases were decided before the enactment, in 1935, of the present statute, Code, 18-5-13. In *Boice* v. *Board of Education*, 111 W. Va. 95, 160 S.E. 566, it appeared that the Board carried indemnity insurance against loss for claims for damages caused by the operation of a school bus. The plaintiff, Boice, sought, in a suit in equity, to enjoin the Board from setting up the defense of governmental agency to her claim for personal injuries caused by the careless operation of a school bus and to recover damages for her injuries from the insurance company. The holding of the Circuit Court in sustaining a demurrer to plaintiff's bill of complaint was affirmed. In *Board of Education* v. *Insurance Co.*, 116 W. Va. 503, 182 S.E. 87, an action at law in which the Board of Education recovered from an insurance company premiums which had been paid for insurance to indemnify itself on account of the operation of school busses and against the negligence of bus drivers, this Court gave expression to the view that a Board of Education can not, by the acquisition of indemnity insurance, or otherwise, change its status as a governmental agency. In *Utz* v. *Board of Education*, 126 W.Va. 823, 30 S. E. 2d 342, a case arising after the enactment of the statutory provision mentioned in the declaration in this case, Code, 18-5-13, it was held that the statute which authorized County Boards of Education, among other things, to provide insurance against the negligence of drivers of their busses operated by the Boards, does not impliedly abolish the existing immunity of a Board from liability for the negligence of its drivers.

The remaining question for decision is the point of law, certified on both demurrers, involving the effect upon the legal sufficiency of the declaration of the allegation that the Board provided at public expense and carried insurance against the negligence of the drivers of its busses. Is such an allegation objectionable, and if, so, can it be reached by demurrer? On this issue the plaintiff insists that it is material in this case, but if not material, it is mere surplusage which does not vitiate the declaration or expose it to attack by demurrer if the declaration is otherwise sufficient. The demurring defendants contend that the allegation of insurance is so objectionable that it destroys the whole declaration and renders it demurrable. Obviously if the statements in the declaration are mere surplusage they can not be dealt with on demurrer but must be reached by a motion to strike the objectionable matter. This rule is supported by the weight of authority and our cases uniformly so hold.

To determine the character of the matter in question it is appropriate to consider the decisions of this Court in cases in which information that a defendant carries insurance against damages is made known to the jury at the instance of the plaintiff. Since the case of *Walters* v. *Appalachian Electric Power Co.*, 75 W. Va. 676, 84 S.E. 617, it has been consistently held that the admission of evidence that defendant carried insurance indemnifying him against loss is prejudicial error. In *Lynch* v. *Alderton*, 124 W. Va. 446, 20 S.E. 2d 657, we said:

"A long line of decisions of this Court holds that, in the trial of an action for personal injury or death, it is prejudicial error to admit evidence that insurance indemnity is carried by the defendant. It was so held in *Walters* v. *Appalachian Electric Power Co.*, 75 W. Va. 676, 84 S.E. 617. The same principle has been adhered to in the following cases: *Christie* v. *Mitchell*, 93 W. Va. 200, 116 S.E. 715; *Moorefield* v. *Lewis*, 96 W. Va. 112, 123 S.E. 564; *Adams* v. *Cline Ice Cream Co.*, 101 W. Va. 35, 131 S.E. 867; *Wilkins* v. *Swartz*, 101 W. Va.

337, 132 S. E. 887; *Fleming* v. *Hartrick,* 105 W. Va. 135, 141 S.E. 628; *Jones* v. *Smithson,* 119 W. Va. 389, 193 S.E. 802."

The effect of the disclosure of the existence of such insurance is not sufficiently cured by directions to the jury by the trial court that the questions on the subject are improper and that the jury should not regard the answers. *Christie* v. *Mitchell,* 93 W. Va. 200, 116 S.E. 715. The jury should not be apprised by counsel for the plaintiff that the defendant is protected against damage by indemnity insurance; and, when this occurs, the trial court should sustain a motion by the defendant to discharge the jury. *Moorefield* v. *Lewis,* 96 W. Va. 112, 123 S.E. 564. It is reversible error for the plaintiff to convey to jurors in the examination on their *voir dire* that the defendant carried insurance. *Adams* v. *Cline Ice Cream Co.,* 101 W. Va. 35, 131 S.E. 867. From the language of these cases it is manifest that evidence to support the challenged allegation in the declaration in this case, if admitted over objection, would call for a mistrial or the reversal of a judgment upon a verdict against the defendant. The same result would necessarily follow the disclosure of the contents of the allegation to the jury by a statement or comment of the plaintiff's counsel or by reading or exhibiting the declaration containing it to the jury at any stage of the trial before a verdict is returned. Usually the plaintiff offers and expects the admission of evidence to support the allegations of fact embodied in a declaration which has been held good on demurrer. The action of the court in overruling a demurrer to a declaration ordinarily indicates that evidence to support its allegations will be permitted to go to the jury; and it is evident that, if the court had overruled the demurrers in this case, the plaintiff would have offered evidence of the facts contained in the challenged allegation. Such action would have been highly prejudicial to the defendants.

Within the rule that pleadings are available for every purpose of the trial and need not be formally put in evi-

dence in order to be considered by the jury, and that counsel, in presenting the case to the jury, has the right to read from and to comment on the pleadings for the purpose of showing the issues in the case, 53 Am. Jur. 393, the practice prevails in many, if not all, judicial circuits in this State, of ordinarily allowing counsel, subject to the discretion of the trial judge, to disclose the contents of a declaration to the jury and of permitting the declaration to be taken by the jury to its room for examination and the endorsement thereon of the verdict. By any of these methods the information concerning the insurance carried by the Board, contained in the declaration to that effect, would undoubtedly be imparted to the trial jury. It is also reasonably to be inferred that it was planned and intended, in behalf of the plaintiff, to get this information to the jury by one of the above mentioned methods. If this had happened, over objection of the defendants, it would have been necessary to award a new trial. *Adams* v. *Cline Ice Cream Co.*, 101 W. Va. 35, 131 S.E. 867.

The statements in the challenged allegation could be entirely removed from the declaration only by filing an amended declaration, which is a new pleading, after a demurrer to the original declaration had been sustained. A motion to strike would not necessarily or completely eliminate the matter from the original declaration which, if that procedure be resorted to, would be the corrected pleading, upon which the case would be tried, instead of an amended declaration. The provisions of Rule VI, paragraph (d), of the Rules of Practice and Procedure for the trial courts of this State, promulgated by this Court, forbid amendments to pleadings by erasures, interlineations in or mutilations of the original, and require amendments to be made only by filing a new pleading, unless the court, by order, otherwise permits. There is no similar rule to govern a motion to strike.

Surplusage in a pleading consists of wholly foreign matter which is not essential to the statement of a cause of action or defense, 41 Am. Jur. 323; but it may be, and

sometimes is, through inadvertence, or otherwise, proved upon the trial of a case. The proof of such matter is often treated as harmless error. The matter contained in the allegation here in question, however, can not be admitted in evidence without producing, upon objection, a mistrial or the reversal of a judgment based upon a verdict against the defendants. Under the holdings of this Court in the above cited cases forbidding the disclosure of insurance to the jury by the plaintiff, the objectionable matter in the allegation can not be regarded as surplusage. It is, in law, so objectionable as to render the entire declaration inadequate and insufficient to support a judgment for the plaintiff. This being so, it is properly reached by demurrer, which, under Code, 56-4-36, is the method prescribed to test the sufficiency of any pleading.

In view of the conclusion reached upon the controlling points arising upon the certification, it is unnecessary to discuss the other contentions advanced in the briefs of counsel.

The first question certified upon the demurrer of the defendant, Board of Education, is answered in the affirmative, the second in the negative and the third in the affirmative; and the question certified upon the demurrer of the defendants, Cramblett and Lamp, being identical with the third question certified upon the demurrer of the Board of Education, is also answered in the affirmative.

The rulings of the Circuit Court of Pleasants County are affirmed.

*Affirmed.*

KENNA, JUDGE, concurring:

Since it appears from the allegations of the declaration that recovery is sought from the Board of Education for death by wrongful act incurred by the plaintiff's decedent as a result of negligence of the Board's servants while driving a school bus engaged in taking children to

and from school, it would seem clear that the Board of Education was then engaged in the discharge of a governmental duty and hence exercising in part the sovereignty of the State, under our West Virginia cases which are cited in the Court's opinion, and consequently the first certified question should be answered in the affirmative. However, the Court's opinion, in discussing this point, notes with approval the holding in the case of *Krutili* v. *Board of Education*, 99 W. Va. 466, 129 S.E. 486, that in the absence of a statute making them so, boards of education are not liable for negligence that occurs in the performance of a governmental function, indicating quite clearly that the Legislature can make them liable for a tort committed while exercising the right of sovereignty. I believe that this theory, if carried to its logical conclusion, will undermine our constitutional provision against suing the State and many previous holdings of this Court. In *Stewart* v. *Commission*, 117 W. Va. 352, Syl. 1, 185 S.E. 567, we held, without citing the *Krutili* case, that Section 35, Article VI of our Constitution is "absolute", and the concluding paragraph of the opinion reads as follows: "It should go without saying that the legislature is without capacity to pass a law affecting the constitutional immunity from suit of the state or one of its governmental agencies. *Alabama Industrial School* v. *Addler*, supra." That principle is expressly approved in *Sims* v. *Fisher*, 125 W. Va. 512, 538, 25 S.E. 2d 216, citing, among others, the *Stewart* case. To my mind it is clear that if the Legislature has power to encroach upon an absolute constitutional provision, it may then abolish it. With that I do not agree.

With the first question answered in the affirmative and the case of *Utz* v. *Board of Education*, 126 W. Va. 823, 30 S.E. 2d 342, having decided the point involved in the second question certified, the third question becomes entirely academic. Since a board of education cannot be sued in tort for the negligence of the drivers of its school busses in the performance of their duty in

transporting children to and from school, it is not necessary to decide what the effect of alleging insurance under Code, 18-5-13, in a declaration filed in such an action is, and whether it is reached by demurrer.