376 S.E.2d 588

**Naomi Jean VALENTINE**

v.

**WHEELING ELECTRIC COMPANY.**

No. 18225.

Supreme Court of Appeals of
West Virginia.

Dec. 20, 1988.

John T. Madden, Madden & Whorton, Moundsville, Jeremy C. McCamic, Jay T. McCamic, McCamic & McCamic, Wheeling, for appellant.

John E. Artimez, Jr., Bachmann, Hess, Bachmann & Garden, Wheeling, for appellee.

McHUGH, Chief Justice:

This case is before the Court upon the appeal of Naomi Jean Valentine, from a jury verdict which found no negligence on behalf of the appellee, the Wheeling Electric Company, in the Circuit Court of Marshall County. The appellant requests that this Court reverse the final order of the circuit court on the issue of liability, or in the alternative, order a new trial. This Court has before it the petition for appeal, all matters of record, and briefs of counsel.

I

The appellant was a passenger in an automobile driven by David Wolfe on May 7, 1984. The vehicle was traveling north on a public road known locally as Jefferson Avenue Extension. (The road is also designated State Route 88 and U.S. Route 250). A tire on the vehicle blew, and the car swerved out of control, crossing the center of the road, and striking a concrete utility pole.

The utility pole belonged to the appellee and was located about five feet from the edge of the road surface.

The appellant sustained injuries to her head, back, and leg as a result of the collision with the utility pole, and filed suit against the appellee, seeking damages for her injuries. The appellant's complaint maintained that the appellee's pole was negligently placed within the bounds of a public road and constituted a public nuisance.

As an affirmative defense in its answer, the appellee asserted that the accident was caused solely by the negligence of David Wolfe, the driver of the automobile. The appellee also instituted a third-party action against David Wolfe, alleging Wolfe's negligence, and asserting that if the appellee was negligent in any way, its negligence was secondary and passive.

Before the trial, the trial court dismissed the third-party complaint against David Wolfe and the appellee withdrew its affirmative defense asserting Wolfe's negligence. The order reflecting dismissal of Wolfe was entered by the trial court on the first day of trial, although the appellee maintains that it had decided to not pursue the third-party action and advised the trial court of this decision two months prior to trial.

The trial court denied the appellant's motion for summary judgment on the issue of liability.

The evidence adduced at trial indicated that in 1890 the Moundsville Electrical Company, a predecessor of the appellee, was granted a franchise to erect utility poles on the streets of the city.

At the end of the presentation of evidence at trial, the appellant moved for a directed verdict, but the motion was denied. The jury returned a verdict for the appellee. The appellant's motion for a new trial was denied.

## II

The appellant assigns as error the trial court's failure to direct a verdict in her favor on the issue of liability. This assignment is based on the appellant's contention that she has an absolute right to the unobstructed use of a public road.[1] The appellee's utility pole, the appellant claims, was an obstruction within the meaning of *W.Va.Code*, 17–16–1 [1931], which provides in pertinent part:

Obstructions, within the meaning of this chapter, shall include ... pipelines, telegraph, telephone, trolley or other poles and wires connected therewith, constructed or erected on a public road in such a way as to interfere with the use thereof; or any other thing which will prevent the easy, safe and convenient use of such public road for public travel. Such obstructions shall be considered within the bounds of any state or county-district road whenever any part thereof shall occupy any part of the right of way provided by law or acquired for road purposes, not including the additional land acquired for slopes, cuts or fills.

Such obstructions so placed and left within the limits of such road are hereby declared to be public nuisances, ...

The appellee's pole occupied part of the right of way, as it was located about five feet from the edge of the road surface, and *W.Va.Code*, 17–1–3 [1963] states in pertinent part: "In the absence of any other mark or record, the center of the traveled way shall be taken as the center of the road and the right of way shall be designated therefrom an equal distance on each side, ..."

The issue is whether, as a matter of law, the appellee's utility pole constitutes an obstruction that prevents the "easy, safe

and convenient use" of Jefferson Avenue Extension, the road on which the appellant was traveling when the accident occurred.

The appellant contends that *W.Va.Code*, 17–16–2 [1931] imposes a duty upon the appellee to remove and reset the utility pole. The relevant portion of *Code*, 17–16–2 states: "It shall be the duty of all telephone, telegraph, electric railway or other electrical companies to remove and reset telephone, telegraph, trolley and other poles and the wire connected therewith when the same constitute obstructions to the use of a state or county-district road by the traveling public." The record reflects that the pole at issue in this case was hit on two prior occasions, once in 1972, when it was replaced, but there is no evidence that a personal injury occurred. The other time was in 1983, when a truck backing out of a private drive, struck the pole and broke it. It was wooden at the time, and was replaced with a concrete pole, the same pole that the appellant struck. However, a district right-of-way administrator with the State Department of Highways testified at trial that although the pole was within the right-of-way, a complaint was never filed with the Department of Highways asserting that the pole was an obstruction. Therefore, the Department of Highways never took action to have the pole removed or reset pursuant to *W.Va.Code*, 17–16–1 [2] or –2 [1931].

At trial, the appellant objected to an instruction offered by the appellee and given by the trial court which instructed the jury "that in order for an obstruction to be a public nuisance under the law, it must be such as will prevent the easy, safe and convenient use of the public road for public travel." [3]

1. It is stipulated by the parties that Jefferson Avenue Extension, the road on which the appellant was traveling when the accident occurred, is a public road within the meaning of *W.Va. Code*, 17–1–3 [1963].

2. The relevant portion of *W.Va.Code*, 17–16–1 [1931] states:
   Such obstructions so placed and left within the limits of such road are hereby declared to be public nuisances, and, in addition to other remedies provided in this chapter, the county

court [county commission] or the state road commission [commissioner of highways], as the case may be, may apply to the circuit court, or other court of competent jurisdiction of the county in which they may be, for an injunction to abate such nuisance.

3. The full text of the instruction at issue is as follows:
   You are instructed that under the laws of West Virginia, it is unlawful to place or leave

The trial court's instruction is in accord with well-established law in this jurisdiction. "In order for an obstruction to be a public nuisance under [*W.Va.Code*, 17–16–1, as amended], it must be such as will prevent 'easy, safe and convenient use of such public road for public travel.'" *Clay County Court v. Adams*, 109 W.Va. 421, 429, 155 S.E. 174, 178 (1930). Moreover, "not all obstructions are nuisances per se." *Daniels v. Cranberry Fuel Co.*, 111 W.Va. 484, 486, 163 S.E. 24, 25 (1932). *See also Clay County Court v. Adams, supra,* 109 W.Va. at 428, 155 S.E. at 177.

Obstructions within the meaning of *W.Va.Code*, 17–16–1, as amended, include utility poles erected on a public road in such a way that they interfere with the use of or prevent the easy, safe and convenient use of such public road for public travel. Utility poles erected in such a way are public nuisances within the contemplation of *W.Va.Code*, 17–16–1, as amended. Therefore, it is not error for a trial court to give an instruction stating that to be a public nuisance, a utility pole must be erected in such a way that it prevents the easy, safe and convenient use of a public road for public travel.

Accordingly, the trial court in this case did not err by giving an instruction stating that in order for the utility pole to be an obstruction, and in turn, a public nuisance, it must prevent the easy, safe and convenient use of a public road for public travel. The trial court was merely restating the statute pertaining to the issue.[4]

■ The appellant argues before this Court that the appellee should have been held strictly liable for the placement of its utility pole. Supporting this contention, the appellant maintains that the trial court erred in not directing a verdict for the appellant and in refusing to give the pertinent part of an instruction which stated:

And if you find from a preponderance of the evidence in this case that the pole in question was within the right of way of the public road known as the Jefferson Avenue Extension then said pole is a public nuisance and if you further find from a preponderance of the evidence in this case that said public nuisance caused or contributed, in the slightest degree, to the injuries suffered by the plaintiff then your verdict shall be for the plaintiff.

The evidence established that the appellee's utility pole was within the right of way. The appellant's tendered instruction, in effect, would have drawn the conclusion that every pole located within a right of way is a public nuisance, instead of allowing the jury to make such a determination.

The appellant, however, did not offer an instruction to the trial court that would have required the jury to return a verdict for the appellant if the jury found, as a matter of fact, that the pole interfered with the use of or prevented the "easy, safe and convenient use" of the road for public travel. Trial counsel for the appellee, during discussion of instructions, stated that he would have no objection to such an instruction which included the "easy, safe and convenient use" language instead of the instruction concluding that the pole was a public nuisance by virtue of its location within the right of way. Clearly, the trial

an obstruction within the limits of a road. Such obstructions are declared to be public nuisances.

An obstruction includes telegraph, telephone or other poles and wires connected therewith, constructed or erected on a public road in such a way as to interfere with the use thereof, or any other thing which will prevent the easy, safe and convenient use of such public road for public travel.

You are further instructed, however, that in order for an obstruction to be a public nuisance under the law, it must be such as will prevent the easy, safe and convenient use of the public road for public travel.

Therefore if you find from a preponderance of the evidence that the utility pole in question did not prevent the easy, safe and convenient use of Jefferson Avenue Extension for public travel, then your verdict should be in favor of Defendant Wheeling Electric Company.

4. The appellant points out that if she can prove that the appellee's utility pole constitutes a public nuisance, then negligence need not be proven. Rather, she must show only the injury and the proximate cause. *See G.L. Webster Co. v. Steelman*, 172 Va. 342, 357, 1 S.E.2d 305, 311 (1939). *See also* 58 Am.Jur.2d *Nuisances* §§ 135–36 (1971).

court did not err in refusing to direct a verdict for the appellant, nor in refusing to give the appellant's instruction as tendered.

### III

■ The appellant assigns as error the instruction by the trial court that if the jury finds the appellee negligent in any way, then the appellee may be held responsible for the entire verdict despite any finding of negligence on the part of other possible tortfeasors.[5] The trial court also allowed the appellee to comment to the jury on such effect of an adverse verdict. The appellant claims that this was prejudicial to her and denied her a fair trial. We disagree.

The appellee urges that syllabus point 2 of *Adkins v. Whitten*, 171 W.Va. 106, 297 S.E.2d 881 (1982), imposes a duty upon the trial court to give such an instruction. That syllabus point states: "A trial court has a duty to instruct the jury as to the effect of the doctrine of comparative negligence when requested."

The appellee's reliance on *Adkins* is misdirected. This Court pointed out in *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 344, 256 S.E.2d 879, 886 (1979), that the newly adopted comparative negligence rule would not alter the doctrine of joint and several liability. *See* syl. pt. 2, *Sitzes v. Anchor Motor Freight, Inc.*, 169 W.Va. 698, 289 S.E.2d 679 (1982). *Cf. Reager v. Anderson*, 179 W.Va. 691, 703, 371 S.E.2d 619, 631 (1988) (right of joint tortfeasor to obtain *pro tanto* credit for partial settlement by another joint tortfeasor; premised upon continued validity of joint and several liability among joint tortfeasors under comparative negligence).

The instruction that the appellant assigns as error did not deal with measuring the negligence of the appellant *against* that of the alleged tortfeasors. Rather, it dealt with apportionment of damages *among* alleged tortfeasors. Consequently, the duty of a trial court imposed by *Adkins*

to instruct the jury as to the effect of comparative negligence did not exist in this case.

■ Although the instruction at issue was not appropriate in this case, the jury found no negligence on the part of any party. Therefore, it was harmless error by the trial court to give such an instruction. It is well established that harmless error will be disregarded on appeal. "On appeal of a case involving an action covered by the Rules of Civil Procedure, this Court will disregard and regard as harmless any error, defect or irregularity in the proceedings in the trial court which does not affect the substantial rights of the parties." Syl. pt. 2, *Boggs v. Settle*, 150 W.Va. 330, 145 S.E.2d 446 (1965). *See W.Va.R.Civ.P.* 61; *Reager v. Anderson*, 179 W.Va. 691, 700–01, 371 S.E.2d 619, 628–29 (1988); syl. pt. 3, *Original Glorious Church of God in Christ, Inc. of Apostolic Faith v. Myers*, 179 W.Va. 255, 367 S.E.2d 30 (1988); *State Road Commission v. Bowling*, 152 W.Va. 688, 697, 166 S.E.2d 119, 125 (1969) (and authorities cited therein).

Accordingly, we hold that it was harmless error for the trial court in this case to instruct the jury that the appellee could be held responsible for the entire verdict if the appellee would have been found negligent in any way.

### IV

■ The appellant maintains that the trial court erred in prohibiting her counsel to mention to the jury that: (1) the appellee had brought a third-party action against the driver, David Wolfe; and (2) the appellee had asserted as an affirmative defense in its answer that Wolfe was totally at fault. The appellant contends that Wheeling Electric's answer and third-party complaint against Wolfe obviated the need for her to join Wolfe as a defendant. Consequently, when the trial court dismissed the third-party complaint against Wolfe and ruled that the appellant could not mention

---

5. The instruction complained of by the appellant stated: "You are instructed that West Virginia recognizes the principle of law known as joint and several liability, which provides that

*any* party against whom a finding of negligence is made can be held responsible for the entire verdict." (emphasis in original)

Wolfe's inclusion in Wheeling Electric's answer, the appellant claims that her negligence theory was critically weakened.[6] We disagree and affirm the judgment of the trial court.

In syllabus point 2 of *Grillis v. Monongahela Power Co.*, 176 W.Va. 662, 346 S.E.2d 812 (1986), this Court held:

> In the absence of a particularized showing on the part of the remaining parties to a suit that one or more of them will suffer prejudice if the trial court fails to advise the jury of the dismissal of one or more parties to the suit, or that another party has taken an unfair advantage of the dismissal in its presentation and argument of the case, there is no duty on the trial court to so instruct the jury regarding the dismissal of a party from the suit.

In the case now before us, the trial court ruled that the appellee's affirmative defense had been withdrawn, and in its discretion, ruled that counsel for the appellant could not mention to the jury that the appellee had asserted this affirmative defense. Such discretion on the part of the trial court is well established.

> Within the rule that pleadings are available for every purpose of the trial and need not be formally put in evidence in order to be considered by the jury, and that counsel, in presenting the case to the jury, has the right to read from and to comment on the pleadings for the purpose of showing the issues in the case, 53 Am.Jur. 393, the practice prevails in many, if not all, judicial circuits in this State, of ordinarily allowing counsel, *subject to the discretion of the trial judge*, to disclose the contents of a declaration to the jury....

*Bradfield v. Board of Education*, 128 W.Va. 228, 237–38, 36 S.E.2d 512, 516–17 (1945) (emphasis supplied).[7]

Clearly, the trial court's ruling did not prejudice the appellant nor did it deny her a fair trial.

Accordingly, consistent with the reasons discussed above, the judgment of the Circuit Court of Marshall County is affirmed.

AFFIRMED.

---

6. As a cross-assignment of error, the appellee contends that the trial court erred in instructing the jury regarding the doctrine of comparative negligence, and in approving a verdict form which permitted the jury to apportion negligence between the appellee, David Wolfe, and "all others." The appellee, however, was not harmed by the trial court's instruction or verdict form. Therefore, we need not address this cross-assignment of error.

7. The appellee's third-party complaint was dismissed before the commencement of trial. Therefore, the third-party complaint had no bearing on the trial in this case.