# CHARLESTON.

BETTY COVINGTON v. NEAL B. NAVARRE

(No. 5338)

Submitted April 28, 1925.   Decided September 8, 1925.

1.  APPEAL AND ERROR—*Incompetent Answers of Witness to Proper Questions, Excluded From Consideration of Jury, Do Not Ordinarily Constitute Error, Especially in Absence of Objection.*

    Incompetent answers of a witness to proper questions, when excluded from the consideration of the jury, will not ordinarily constitute error. This is especially so where no objection has been offered to the improper evidence.   (p. 432.)

    (Appeal and Error, 4 C. J. § 2973.)

2.  TRIAL—*Competency in Its Entirety of Written Statement Is Not Essential to Admissibility of Unobjectionable Parts Thereof.*

    Competency in its entirety of a written statement is not essential to the admissibility of unobjectionable parts of the instrument.   (p. 434.)

    (Evidence, 22 C. J. § 1027).

    (NOTE:  Parenthetical references by Editors, C. J.—Cyc.  Not part of syllabi.)

Error to Circuit Court, Cabell County.

Action by Betty Covington against Neal B. Navarre. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Holt, Duncan & Holt,* for plaintiff in error.

*Darnall &·Lovins,* for defendant in error.

LITZ, JUDGE:

In an action of trespass on the case, the plaintiff recovered against the defendant a verdict and judgment of $2500.00, for personal injuries sustained by her, November 4, 1923, near Milton, Cabell county, in a collision between an automobile owned and operated by the defendant and the automobile of the plaintiff, in which she was riding.

According to the evidence for the plaintiff, which amply justifies the verdict, the collision was caused by the defendant through the negligent operation of his car.  Having obtained

a writ of error to the judgment, he assigns as grounds for reversal:

(1)   A witness for the plaintiff, upon cross-examination, was presented with his previous written statement concerning the accident.   Although the evident purpose of this move on the part of the cross-examiner was to contradict the witness, the former did not question the latter as to the circumstances under which the statement was made.   In order to present such facts to the jury, the re-direct examination of the witness proceeded as follows:

BY MR. DARNALL:
Q.   Who wrote that statement, if you know?
A.   I don't know the man's name.
Q.   Any of these gentlemen sitting in the court room write it?
A.   It was a fleshy man like that.   (Indicating gentleman sitting in the bar.)
Q.   The man with glasses?
A.   Yes, sir.
Q.   How long has it been since you made that statement?
A.   It has been about six months ago.   It was right after the wreck I made that statement.
Q.   Have you ever been subpoenaed here by these gentlemen who took that statement from you?
A.   No, sir.
Q.   Have they ever been back to see you any more?
A.   No, sir.
Q.   Do you mean to say there that you read this statement word for word, or he read it to you?
A.   Well, I read it the best I could.   I ain't very well educated.
JUDGE HOLT:   We think that is rather leading.
MR. DARNALL:   Whereabouts was this taken?
A.   At my house at *Libbo,* West Virginia.
Q.   And you think the gentleman with glasses here is the man who came up and prepared it?
A.   I can't state; he may have been.
Q.   Did he tell you who he was representing?
A.   I think he was representing some insurance company.

THE COURT: The instructions of the court to the jury are to absolutely ignore that answer and pay no attention to it or in any wise let it influence your verdict in any manner, shape or form, and, as far as the human mind can eliminate it, to eliminate it from your consideration in any way in this case.

MR. DARNALL: I am frank to say to the jury I did not desire or anticipate connecting it with this particular accident.

Q. Was anybody else with this man at the time he took this statement?

A. Yes, sir, there was some other fellow with him.

OBJECTION TO FOREGOING STATEMENT AND ANSWER.

SUSTAINED. EXCEPTION. ******

MR. DARNALL:

Q. Venus, when the gentleman who wrote this statement asked you to sign it, what inducement, if any, was made to you relative to signing it?

A. Well, he told me if I would sign it there would not be nothing more of it, he was representing the insurance company—

MR. DARNALL: I don't want that.

THE COURT: We told you not to tell that.

A. He told me to go ahead and sign it. The day I signed this paper I was supposed to go to work at three o'clock, and I was late for my work when he come to my house. I went ahead and give him the best line of it that I could, and I signed it.

It is claimed that the evidence of the witness, indicating that the defendant was protected by indemnity insurance, constitutes reversible error. To this contention the record suggests the following answers.

(a) The defendant did not object to the evidence in question;

(b) The jury was instructed to disregard it; and

(c) It does not appear that counsel for the plaintiff could have anticipated the objectionable answers of the witness.

In view of these facts, a reversal of the judgment on the ground here advanced would be unfair to the plaintiff. She

was entitled to show the circumstances under which the written statement had been obtained, the defendant not having seen fit to do so; and the questions propounded by her counsel were proper for that purpose. The cases of *Christie* v. *Mitchell,* 93 W. Va. 200, and *Moorefield* v. *Lewis,* 96 W. Va. 112, in which the plaintiffs sought to show that the defendants carried indemnity insurance, are without application.

(2) On the day of the accident the defendant sent a telegram from Huntington, West Virginia, to an insurance agency, at Bath, New York, in part, stating:

> "We had a small accident today, and I smashed another car pretty bad."

This portion of the message was admitted in evidence over the objection of the defendant, as an admission against interest. The remaining part disclosed the fact that the defendant carried indemnity insurance and was, therefore, not offered by either party. The defendant insists that the telegram, being incompetent in part, was inadmissible in its entirety. The mere fact that some parts of a statement or document are incompetent is not ordinarily ground for excluding the unobjectionable portions. 9 A. & E. Enc. L. 928. The defendant has suffered no hardship from the ruling complained of. The omitted portion of the message in no way qualifies the part admitted.

The judgment of the circuit court is affirmed.

*Affirmed.*