VELVA ADKINS

V.

ROBERT RAY SMITH

(No. 10858)

Submitted April 30, 1957.   Decided June 11, 1957.

Campbell, McNeer & Woods, L. E. Woods, Jr., C. F. Bagley, Jr., for plaintiff in error.

No appearance for defendant in error.

BROWNING, JUDGE:

Velva Adkins, plaintiff, recovered a jury verdict in the amount of $3,000.00 against the defendant, Robert Smith, as damages sustained in an automobile collision at the intersection of Twelfth Avenue and Eighth Street in the City of Huntington, West Virginia, on December 11, 1955. Judgment was entered on the verdict, to which this Court granted a writ of error and supersedeas on November 12, 1956.

The plaintiff was a passenger, occupying the left rear seat, in an automobile driven by Mary Smith and owned by Edwin Smith, both of whom were joined with Robert Smith as defendants. She, Mary Smith and two other women had departed from Sixteenth Street and Twelfth Avenue around 9:30 P.M. The night was cold, the windows in the car were closed and somewhat "fogged". They proceeded west on Twelfth Avenue to Eighth Street, at which intersection was a stop sign. Eighth Street is a through street and approximately 65′ wide at this point. The defendant Robert Smith was proceeding south on Eighth Street. Plaintiff's witnesses, Creager and Arthur, testified that Mary Smith stopped her automobile, allowed an automobile proceeding north on Eighth Street to pass, then pulled out into the intersection, and was halfway across when they noticed the headlights of

defendant Robert Smith's automobile upon them. The collision immediately followed. The Mary Smith automobile, a Henry J., was hit on the right door of the 2-door sedan, and after rolling over came to rest on its top at the southwest corner of the intersection. The Robert Smith automobile, a 1953 Oldsmobile, still upright, was to the right of the center line of Eighth Street, turned slightly toward the southwest corner. Plaintiff's witness Creager "guessed" the speed of Robert Smith's automobile to be approximately 50 miles an hour. She admitted that she could not operate an automobile, could not judge the speed of the Mary Smith vehicle, and did not see Robert Smith's automobile until it was almost upon them. She stated that her estimate of 50 miles an hour was "just a guess" based upon the force of impact and "what come to her that night" after the accident, but before she left the scene of the accident. Robert Smith estimated his speed at 25 to 30 miles an hour.

In the course of the examination of the witness Creager, by counsel for defendants Mary and Edwin Smith, the following colloquy occurred:

> "Q. Did the driver of the other car ever tell you how many times he turned you over?
>
> "A. He did not tell me. It came through other people."

Counsel for defendant Robert Smith here interposed an objection to the question, which was overruled.

> "Q. Did he tell other people in your presence?
>
> "A. No.
>
> "Q. Who did he tell, if you know?
>
> "A. Well, it was—the words—.
>
> "Q. Well, if it is hearsay, don't say it.
>
> "The Court: Who did he tell?
>
> "A. Well, it came through an insurance man to me."

Counsel for defendant Robert Smith thereupon moved for a mistrial which was overruled.

At the conclusion of plaintiff's evidence, counsel for defendants Mary and Edwin Smith moved the court to direct a verdict in their favor, to which motion the plaintiff did not object, and which the court granted. A similar motion in behalf of Robert Smith was overruled.

Errors assigned in this Court may be summarized as follows: (1) In overruling the motion to declare a mistrial; (2) in overruling the motion to strike the evidence of the witness Creager as to speed, and direct a verdict for defendant Robert Smith; (3) in giving Plaintiff's Instructions Nos. 1 and 2; and (4) in refusing to give Defendants' Instructions Nos. 1, 2 and 5.

The parties hereinafter will be referred to as follows: The plaintiff, Velva Adkins, as plaintiff; the defendants Mary Smith and her husband, Edwin R. Smith, as defendant Mary Smith; and the other defendant as defendant Robert Smith.

If it were true, as contended in brief and argument by counsel for the defendant Robert Smith, that the only negligence plaintiff could rely upon as to him was the driving of his automobile at an excessive speed, it is doubtful that there was sufficient evidence to take the case to the jury. However, an examination of the declaration fails to reveal any reference to the speed of defendant Robert Smith's automobile, but instead it is alleged that as he approached the intersection he failed to keep a proper lookout for other motor vehicles, and failed to keep his automobile under control at that time and place. Perhaps it could be inferred from the allegations that the defendant Robert Smith "shot into the said intersection and struck with terrific force the automobile in which she was a passenger", that he was operating his automobile at an excessive speed, but, disregarding that, the Court finds no error in the action of the trial court in overruling the motions of defendant Robert Smith for a directed verdict at the end of the plaintiff's evi-

776

dence, and at the end of the taking of all of the testimony. It is true that vehicles traveling north and south on Eighth Street had the right of way over vehicles approaching that thoroughfare from Twelfth Avenue, and that a city ordinance which was made a part of the record requires vehicles on Twelfth Avenue to stop before entering Eighth Street, and provides further that the drivers thereof shall "proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed." The defendant Robert Smith states in his testimony that it was a clear night, his vision was unobstructed, that he was traveling on the right-hand side of Eighth Street which, as heretofore stated, is approximately 65 feet wide, according to the testimony, and that the defendant Mary Smith's automobile came into the intersection from Twelfth Avenue. The defendant Robert Smith gives no explanation as to why, under those circumstances, he did not observe the Mary Smith automobile until he was so close to it, at or near the center of the intersection, that he could not prevent the collision, or at least minimize the force of it by applying his brakes. It was a jury question, upon plaintiff's evidence and upon all of the evidence, as to whether the defendant Robert Smith was guilty of negligence which could be the basis of a recovery by the plaintiff.

Statutes and ordinances giving priority to the operators of motor vehicles at intersections are designed to prevent accidents and not to excuse them. In discussing this question in *Burdette* v. *Henson,* 96 W. Va. 31, 122 S. E. 356, this Court said, in quoting from Huddy on Automobiles, (6th Ed.), §394: "One of the difficulties involved under such a regulation is determining when one approaching from the right can be said to be 'approaching the intersection.' * * * The violation of traffic regulations of this character is to be considered on the question of the negligence of the parties, and, like other violations of the law of the road, may create a presumption of negligence against the guilty traveler. It still re-

mains, however, the province of the court and jury to determine whether the respective parties have exercised the degree of care imposed on them; and the fact that one party is entitled to priority does not relieve him from the duty of exercising reasonable care to avoid injury to other travelers. The driver not entitled to priority may properly assume that the other will not approach at an excessive speed. One entitled to priority under the law is nevertheless required to keep a lookout for cars approaching from his left; and, if he fails in this respect, he may be charged with negligence." Upon that view of the evidence, it becomes immaterial whether the testimony of the witness Creager, that defendant Robert Smith was driving his automobile at a speed of 50 miles an hour at the time of the collision, was credible or incredible. There was no objection to this testimony of the witness Creager.

The statement by the witness Creager, in answer to a question by the court, that the information as to the number of times the automobile in which she was riding as a passenger turned over after being struck by the vehicle of the defendant Robert Smith came to her through an insurance man, raises a question that has not been determined by this Court, and, apparently, from our unsuccessful search for authority elsewhere, in any other jurisdiction. We find no case where the question of insurance was improperly brought into the evidence by a codefendant. Of course, it must be observed that such was not exactly the case here, but it was counsel for the defendant Mary Smith who set the stage for the question by the court that resulted in the statement that it is alleged was prejudicial error. However, it must be said that the last question which counsel asked the witness Creager was as follows: "Well, if it is hearsay, don't say it."

The rule is well established in this jurisdiction that it is error for the jury to be informed, in an action for the negligent operation of an automobile, that the owner of the automobile is protected by indemnity insurance. The

decisions of this Court upon that question are collected and commented upon in *Butcher* v. *Stull, et al.*, 140 W. Va. 31, 82 S. E. 2d. 278. The only syllabus point in *Fleming* v. *Hartrick*, 105 W. Va. 135, 141 S. E. 628, establishes the rule as follows: "The jury should not in any manner be apprised of the fact that the defendant owner in an action for the negligent operation of an automobile is protected by indemnity insurance, and such action on the part of the plaintiff or his counsel will ordinarily constitute reversible error, notwithstanding the court may instruct the jury not to consider the same in arriving at a verdict." However, in the *Butcher* case, it was held not to be error for the plaintiff's counsel to elicit, from an ostensibly disinterested witness offered by the defendant, information to the effect that he was an insurance adjuster of an insurance agency that sold indemnity insurance to the defendant which protected him against payment for injuries which the plaintiff had suffered as a result of the automobile collision. The jury was there instructed that such information was to be considered by them only in so far as it pertained to the credibility of the witness and the weight to be accorded his testimony.

In *Moorefield, Admr.* v. *Lewis*, 96 W. Va. 112, 123 S. E. 564, counsel for the plaintiff in his opening statement to the jury said: "I might say that the defendant, Mr. Lewis, has insurance." Upon objection by the defendant, the court promptly ruled that the statement was improper and could not be considered by the jury. This Court, in affirming, stated: "The trial court should have sustained the motion to discharge the jury because of counsel's effort to inject into the trial a matter so plainly erroneous and highly prejudicial to defendant; and we would be inclined to reverse the case on this ground, but for the fact that, in our opinion, a plain case for recovery has been established by the whole evidence. * * *"

In *Oldfield* v. *Woodall*, 113 W. Va. 35, 166 S. E. 691; and *Covington* v. *Navarre*, 99 W. Va. 431, 129 S. E. 313,

it was held not reversible error for counsel for the plaintiff to elicit from witnesses statements from which the inference of insurance was much clearer than in the answer of the witness Creager in this case that the defendant Robert Smith had indemnity insurance.

There was no motion by counsel for any of the parties to this action to instruct the jury with regard to the answer of the witness Creager to the question of the trial court. As heretofore stated, however, a prompt motion for a mistrial was made by counsel for the defendant Robert Smith. It was not reversible error for the trial court to deny the motion for a mistrial. It will be observed from reading the questions and answers which preceded the challenged answer of the witness, and that answer itself, that the jury was not informed by this statement that the defendant Robert Smith had indemnity insurance. The reference could as well have been to the defendant Mary Smith and her husband. The question which elicited the controversial answer was not asked by counsel for the plaintiff, nor were the questions which preceded it. To hold that such is reversible error would require this Court to infer that the jury inferred that the insurance man represented the defendant Robert Smith, thus superimposing an inference on an inference, in order to set aside a jury verdict.

We find no error in the giving of Plaintiff's Instructions Nos. 1 and 2. The former was a proper instruction as to the law of negligence, based upon evidence in the record. By the latter, the jury was informed that it should take into consideration the question of whether the plaintiff's injuries were "permanent" in allowing her damages therefor if they believed such had been proved by a preponderance of the evidence. The plaintiff was found unconscious in an overturned automobile after the collision, and received injuries which resulted in her hospitalization and subsequent recuperation in bed at her home for several weeks after her release from that institution. She was found to have blood in her spinal column which a physician testified would cause head-

aches over a long period of time thereafter. She testified that she was having such headaches at the time of the trial. This instruction was properly given.

However, we find that it was reversible error to refuse to give to the jury the defendant Robert Smith's Instructions Nos. 1 and 5. In view of the unusual situation arising by virtue of the court having directed, at the end of the plaintiff's case, a verdict for the defendant Mary Smith and her husband, leaving only the plaintiff and the defendant Robert Smith as parties thereafter, defendant Robert Smith's Instruction No. 1 will be quoted in full: "The Court has previously instructed you that after the plaintiff completed the presentation of her evidence and rested the defendants Mary Smith and Edwin, R. Smith, out of the presence of the jury, made a motion that the Court direct the jury to return a verdict in their favor. Since there was no objection on the part of the plaintiff to said motion, the Court sustained said motion and now directs you to return a verdict for the defendants Mary Smith and Edwin R. Smith. The Court further instructs the jury that in so directing you to return a verdict for the defendants Mary Smith and Edwin R. Smith, the Court is not finding from all the evidence that the defendant Mary Smith and Edwin R. Smith are free from fault in the accident of which the plaintiff complains. The Court further instructs the jury that you must consider all of the evidence in the case, that is, not only the evidence which was presented by the plaintiff, but also the evidence which was presented by the defendant Robert Ray Smith, and it is your duty to weigh all of the evidence so presented, and if you find from all the evidence that the defendant Mary Smith was negligent in the operation of the automobile which she was driving, and that such negligence was the sole proximate cause of the accident, then you should return a verdict for the defendant Robert Ray Smith." There were two objections noted to this instruction by counsel for the plaintiff, first, that: "it attempts to state that even though the court directed the jury to find the defendants Mary Smith and Edwin R. Smith not guilty,

that they can still find that those defendants were guilty of negligence which contributed to the injury.* * *"; and, second, "* * * under the facts of this case there can be no contributory negligence upon the part of Velva Adkins, who was a captive passenger in the car, and that irrespective and regardless of how great the negligence might have been on Mary Smith, that Velva Adkins was not chargeable therewith, there being no evidence in this case that she was on a joint enterprise or had any connection or obligation on her part to try to direct the driving of the car by Mary Smith.* * *" To answer the second objection first, it will be noted that from the defendant Robert Smith's Instruction No. 1, no reference was made to contributory negligence on the part of the plaintiff. As to the first point of objection, it is true that the trial court might have been placed in what appeared to be a dilemma in giving this instruction, inasmuch as it had theretofore, with the hearty approval of counsel for the plaintiff, and over the objection of counsel for the defendant Robert Smith, directed a verdict for the defendant Mary Smith and her husband. At the time the verdict as to those defendants was directed, the defendant Robert Smith had not introduced any testimony. When the court refused to give either Instruction No. 1 or Instruction No. 2, the plaintiff was placed in an advantageous position indeed. Although the record does not contain the opening statements of counsel, it is stated in the brief of the defendant Robert Smith that both he and counsel for the defendant Mary Smith and her husband had informed the jury in their opening statements that Velva Adkins was entitled to recover damages from one or the other of the defendants, each maintaining, of course, that the other was responsible. Unfortunately, the plaintiff was not represented in this Court by counsel. When the court failed to give defendant Robert Smith's Instruction No. 1 or No. 2, it was almost tantamount to directing a verdict for the plaintiff. The provisions of the city ordinance and the testimony in behalf of the defendant Robert Smith required the giving of this instruction since it properly propounded the applicable

law. If No. 1 had been given, and since defendant Robert Smith's Instruction No. 3 was given, without objection, it would not have been reversible error to refuse Instruction No. 2.

It is elementary that a plaintiff in order to recover for a tort must prove, by a preponderance of the evidence, that a defendant was negligent, and that his negligence was the proximate cause of injury. If the jury, after hearing all of the evidence, believed that the sole proximate cause of the injury to the plaintiff was the negligence of the defendant Mary Smith, then the plaintiff could not recover against the defendant Robert Smith. If the sole proximate cause of the injury to the plaintiff was the negligence of some fourth party, not a defendant in this action, the defendant Robert Smith would have had a right to prove that, and the plaintiff could not recover against him. It is true, of course, that if both the defendant Mary Smith and the defendant Robert Smith were negligent, and their joint negligence continued to the time of the injury of the plaintiff, and concurrently produced that injury, both would have been liable for her injury. No instruction was offered as to concurrent negligence. The 4th Syllabus point of *Hartley* v. *Crede, et al.,* 140 W. Va. 133, 82 S. E. 2d. 672, reads as follows: "Concurrent negligence occurs when two or more persons are guilty of negligence and the negligence of each in point of time and place concurs and proximately causes or contributes to the injury of another person."

The defendant Robert Smith's Instruction No. 5 as offered follows: "The Court instructs the jury that it does not follow that the plaintiff, Velva Adkins, is entitled to recover in this case from the defendant Robert Ray Smith merely because there was an accident which resulted in injury to her, or merely because the Court has directed a verdict in favor of the defendants Mary Smith and Edwin R. Smith, and you have no right to raise any inference from those two facts, but before she is entitled to recover, you must be satisfied by a preponderance of the evidence that such accident was

caused by negligence on the part of the defendant Robert Ray Smith, and if you find the evidence to be evenly balanced or to preponderate in favor of the defendant Robert Ray Smith, then it is your duty to return a verdict for Robert Ray Smith." This instruction was refused, although the court offered to give it if counsel would delete these words therefrom: "and if you find the evidence to be evenly balanced or to preponderate in favor of the defendant Robert Ray Smith, then it is your duty to return a verdict for Robert Ray Smith." It has been the established law of this jurisdiction since *Harden, et al.* v. *Wagner, et al.*, 22 W. Va. 356, that the party on whom lies the burden of proof must make out his case by a preponderance of the evidence. If the evidence is evenly balanced between the parties, there can be no recovery. The refusal to give this instruction as offered was also reversible error, inasmuch as the deleted portion was not covered by any other instruction.

The judgment of the Circuit Court of Cabell County is reversed, the verdict of the jury is set aside, and the case is remanded for a new trial.

> *Reversed; verdict of*
> *the jury set aside;*
> *new trial awarded.*