DELMIS DONTA

*v.*

R. EUGENE HARPER

(No. 14806)

Decided November 10, 1981.

*Beckett, Burford & James and Charles E. Heilmann* for appellant.

*Huddleston, Bolen, Beatty, Porter & Copen, R. Kemp Morton and Barbara Lee Ayres* for appellee.

PER CURIAM:

This is an appeal by Delmis Donta from an order of the Circuit Court of Kanawha County denying his motion to set aside a jury verdict and for a new trial in an automobile accident case. The appellant, who was the plaintiff below, contended then, and contends now, that the jury's verdict was contrary to the evidence and that the court

erred in giving Defendant's Instruction 15. After examining the record we disagree, and we affirm the decision of the circuit court.

On January 8, 1973, the appellant driving a Ford station wagon, struck the side of R. Eugene Harper's car at the intersection of Eighth Street and Eleventh Avenue in Huntington. The appellant instituted this action for personal injuries resulting from the collision.

During trial the police officer who investigated the accident testified that the appellant had been traveling south on Eight Street and that the defendant, Harper, had been going west on Tenth Avenue immediately prior to the accident. The collision had occurred in the intersection of the two streets, and the front of the appellant's car had struck the right fender of the defendant's car. The appellant testified that the defendant's car had "shot out of Tenth Avenue" in front of him and that he had had no opportunity to apply his brakes. The defendant testified that prior to entering the intersection he had stopped at a stop sign. He also testified that after he entered the intersection he stopped twice again, once to allow a car which was turning left to pass in front of him and once to allow a bus to pull over to the curb. When he proceeded the appellant struck him. He testified that from the time he first stopped, when he last looked to see if the intersection was clear, until the collision, five or six seconds elapsed.

At the conclusion of the evidence the court gave instructions proffered by counsel for the parties. Among the instructions given was Defendant's Instruction 15 which stated:

"The Court instructs the jury that an ordinance of the City of Huntington imposes the duty upon a driver approaching a stop intersection, to stop and yield the right-of-way to any vehicle which has entered the intersection from another highway or which is approaching so closely on such highway as to constitute an immediate hazard, but such driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection shall yield the right-of-way to the vehicle

so proceeding. Therefore, if you believe from a preponderance of the evidence that Eugene Harper upon approaching the intersection of Tenth Avenue and Eight Street, a stop intersection, stopped and yielded the right-of-way to any vehicle which had entered the intersection or which was approaching so closely on such highway as to constitute an immediate hazard and having done so, proceeded into said intersection, then Eugene Harper had the right-of-way over all other vehicles approaching the intersection, and it was the duty of Delmis Donta as a driver approaching such intersection to yield the right-of-way.

If you further find from a preponderance of the evidence that in these circumstances Delmis Donta failed to so yield the right-of-way to Eugene Harper and that such failure proximately contributed to the collision between the two vehicles then your verdict should be for Eugene Harper."

This instruction closely followed a Huntington City Ordinance (Sec. 2266) which provides:

Vehicle entering stop intersection.

(a) Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop sign shall stop before entering the crosswalk on the near side of the intersection, or, in the event there is no crosswalk, shall stop at a clearly marked stop line, but, if none, then at the nearest point of the intersection roadway where the driver has a view of approaching traffic on the intersection roadway before entering the intersection.

(b) Such driver, after having stopped, shall yield the right-of-way to any vehicle which has entered the intersection from another highway or which is approaching so closely on such highway as to constitute an immediate hazard, but such driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection shall yield the right-of-way to the vehicle so proceeding. (4-25-60).

This ordinance contains language somewhat parallel to that contained in *W.Va. Code*, 17C-9-3, [1951].

The appellant's first assignment of error is that the trial court erred in giving Defendant's Instruction 15. The appellant argues that the defendant had an obligation to maintain a lookout even if he was within the intersection and that he had the duty to use due care in passing through the intersection. He takes the position that Defendant's Instruction 15, in effect, relieved the defendant of that obligation.

We agree that the fact that the defendant had the right of way in the intersection did not relieve him of the duty exercising due care. We discussed such a situation in *Atkins v. Smith*, 142 W.Va. 772, 98 S.E.2d 712 (1957), and we concluded:

> "Statutes and ordinances giving priority to the operators of motor vehicles at intersections are designed to prevent accidents and not to excuse them. In discussing this question in *Burdette v. Henson*, 96 W.Va. 31, 122 S.E.356, 357, 37 A.L.R. 489, this Court said, in quoting from Huddy on Automobiles (6th Ed.), §394: '...The violation of traffic regulations of this character is to be considered on the question of the negligence of the parties, and, like other violations of the law of the road, may create a presumption of negligence against the guilty traveler. It still remains, however, the province of the court and jury to determine whether the respective parties have exercised the degree of care imposed on them; and the fact that one party is entitled to priority does not relieve him from the duty of exercising reasonable care to avoid injury to other travelers. ... One entitled to priority under the law is nevertheless required to keep a lookout for cars approaching from his left; and, if he fails in this respect, he may be charged with negligence.' " *Atkins v. Smith, supra,* at 776, 98 S.E.2d at 715.

We do not agree, however, that the court improperly instructed the jury on this point.

Defendant's Instruction 15 closely followed a Huntington city traffic ordinance, and it properly stated the law set forth in that ordinance. The defendant was entitled to have the jury instructed on that law. *See, Atkins v. Bartlett,* 101 W.Va. 263, 132 S.E. 885 (1926).

The instruction did not, however, set forth the full law governing the situation, for, as stated above, we recognized in *Atkins v. Smith, supra,* that the fact that one has the right of way, or priority, does not relieve him of the obligation to use reasonable care and to keep a lookout for approaching automobiles. In that it was not complete in this regard, Defendant's Instruction 15 was misleading and not the best instruction on the law. Nonetheless, we have repeatedly said:

> "If, when instructions are read as a whole, it is apparent that they could not have misled the jury, the verdict will not be disturbed, though one may be susceptible of a doubtful construction while standing alone." Syllabus point 2, *Whittaker v. Pauley,* 154 W.Va. 1, 173 S.E.2d 76 (1970); *See, Kingdon v. Stanley,* 158 W.Va. 835, 215 S.E.2d 462 (1975); *Ellison v. Wood & Bush Co.,* 153 W.Va. 506, 170 S.E.2d 321 (1969), *State Road Commission v. Bowling,* 152 W.Va. 688, 166 S.E.2d 119 (1969); *Mitchell v. Virginian Ry. Co.,* 116 W.Va. 739, 183 S.E. 35 (1935).

In addition to giving Defendant's Instruction 15, the court, in the case before us, gave Plaintiff's Instruction 3 which told the jury that the defendant had a duty to exercise ordinary care and prudence in operating his vehicle and also that he had a duty to keep a careful lookout for other vehicles, and:

> "If you believe from the evidence in this case that the defendant, R. Eugene Harper, failed to keep such a lookout and to operate his automobile in a reasonable, careful and prudent manner, and as a result of such failure he collided with the automobile which the plaintiff, Delmis Donta, was driving and caused the injury and damages complained of, and that such negligence of R. Eugene Harper, the defendant, was a proximate cause of the injuries

and damages, and that Delmis Donta was free from any negligence which contributed to his injury, then the jury should find a verdict in favor of the plaintiff, Delmis Donta."

We believe that this instruction when read with the Defendant's Instruction 15 fully informed the jury as to the governing law as set forth in *Atkins v. Bartlett, supra,* and that the instructions, when read together as they were by the court, could not have misled the jury. We, therefore, conclude that the jury's verdict should not be disturbed because of the giving of Defendant's Instruction 15.

The appellant also asserts that the trial court erred in failing to set aside the verdict for the reason that it was not supported by the evidence. Specifically, the appellant argues that the uncontradicted evidence shows that the defendant failed to maintain a proper lookout immediately before the collision, that he was thus negligent as a matter of law, and that the evidence did not, therefore, support a finding of no liability.

We have repeatedly recognized that:

"The questions of negligence and contributory negligence are for the jury when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them." Syllabus point 3, *Davis v. Sargent,* 138 W.Va. 861, 78 S.E.2d 217 (1953).

*See, Wise v. Crown Const. Co., Inc.,* \_\_\_ W.Va. \_\_\_, 264 S.E.2d 463 (1980); *Bradley v. Sugarwood, Inc.,* \_\_\_ W.Va. \_\_\_, 260 S.E.2d 839 (1979); *Burgess v. Jefferson,* \_\_\_ W.Va. \_\_\_, 245 S.E.2d 626 (1978); *Utter v. United Hospital Center, Inc.,* \_\_\_ W.Va. \_\_\_, 236 S.E.2d 213 (1977); *Wager v. Sine,* 157 W.Va. 391, 201 S.E.2d 260 (1973).

In considering the duty to maintain a lookout we have held that a person is not bound to maintain a continuous lookout. It is sufficient if he exercises the same degree of care which a man of ordinary prudence would exercise under like circumstances. *Wise v. Crown Const. Co., Inc.,*

*supra*; *see, Patton v. City of Grafton*, 116 W.Va. 311, 180 S.E. 267 (1935).

In the case before us the defendant testified that he looked for approaching vehicles five or six seconds before the collision. We believe that the question of whether this constituted a proper lookout or whether it was negligence was properly one for the jury. The jury found that it was reasonable.

In view of the fact that the evidence was susceptible to differing interpretations and that the question of the defendant's negligence was one for the jury, the circuit court properly denied the motion to set aside the verdict and award a new trial. *See, West Virginia Dept. of Highways v. Delta Concrete Co.*, ___ W.Va. ___, 268 S.E.2d 124 (1980); *Hopkins v. Grubb*, 160 W.Va. 71, 230 S.E.2d 470 (1977); *Higginbotham v. City of Charleston*, 157 W.Va. 724, 204 S.E.2d 1 (1974).

Accordingly, the judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*