303 S.E.2d 718

**Roger Leon TURNER, et al.**

v.

**Criss A. HESTON, et al.**

**No. 15685.**

Supreme Court of Appeals of West Virginia.

May 25, 1983.

---

Young, Morgan, Cann & Romano, David J. Romano and James N. Riley, Clarksburg, for appellants.

Steptoe & Johnson, James M. Wilson and Irene M. Keeley, Clarksburg, for appellees.

PER CURIAM:

Roger Leon Turner sustained an injury to his cervical spine in an automobile accident and instituted a personal injury action in the Circuit Court of Harrison County to recover damages. The jury returned a verdict of $4,000 in his favor, and the trial court entered judgment on the verdict. Turner's motion for a new trial was denied, and he filed this appeal.

Turner contends the trial court committed reversible error in refusing his instructions on damages for permanent injury, and in giving Defendants' Instruction No. 3 advising the jury that the evidence did not justify any recovery for permanent injuries and that they were not to award any damages whatsoever for permanent injuries, future disability, or future medical expenses. Because we believe the evidence justified an instruction on damages for future pain and suffering, we reverse the judgment, set aside the verdict, and award a new trial.

Following the automobile accident, Turner was hospitalized for four days and was treated by Dr. David R. Hess, who required him to wear a neck brace for approximately one month. Dr. Hess testified that Turner suffered a fractured cervical vertebra when the ligaments in his neck hyperextended, tearing out a portion of one vertebra. Because Dr. Hess last examined Turner some seventeen months prior to trial, he could not testify whether Turner had, in fact, experienced pain and stiffness in the neck after the healing process and treatment were complete, but stated that based on his professional experience with these types of injuries he would presume Turner to be experiencing pain and stiffness in the neck. He testified that it is normal in this type of injury for calcification to develop in the joint site and around the ligaments where bleeding has occurred. Dr. Hess also stated that Turner will have to live for the rest of his life with occasional neck pain and stiffness and, with advancing age, his cervical spine will degenerate, causing him more frequent, though tolerable pain. Dr. Hess also stated that there was no way to cure or completely eradicate the pain and stiffness. Turner testified that he had occasionally experienced dull bone-deep neck pain and stiffness ever since the injury.

■ Our leading case on proof of damages for permanent injury is *Jordan v. Bero*, 158 W.Va. 28, 210 S.E.2d 618 (1974). In Syllabus Points 9, 10, 11, and 12, respectively, we said as follows:

9. The permanency or future effect of any injury must be proven with reasonable certainty in order to permit a jury to award an injured party future damages.

10. Future damages are those sums awarded to an injured party for, among other things: (1) Residuals or future effects of an injury which have reduced the capability of an individual to function as a whole man; (2) future pain and suffering; (3) loss or impairment of earning capacity; and (4) future medical expenses.

11. Where an injury is of such a character as to be obvious, the effects of which are reasonably common knowledge, it is competent to prove future damages either by lay testimony from the injured party or others who have viewed his injuries, or by expert testimony, or from both lay and expert testimony, so long as the proof adduced thereby is to a degree of reasonable certainty. But where the injury is obscure, that is, the effects of which are not readily ascertainable, demonstrable or subject of common knowledge, mere subjective testimony of the injured party or other lay witnesses does not provide sufficient proof; medical or other expert opinion testimony is required to establish the future effects of an obscure injury to a degree of reasonable certainty.

12. To warrant a recovery of damages for future pain and suffering, there must be evidence showing a reasonable certainty of occurrence, but such evidence may be inferred from the permanent nature of the disability.

■ Under our law Turner was entitled to an instruction permitting the jury to award compensatory damages for permanent injury or its future effect, if his evidence established such injury or effect to a reasonable certainty. We are of the opinion that Turner's medical evidence and his own testimony established to a reasonable certainty that he would in the future experience occasional pain and suffering and a stiff neck. Though his injury was not severe, and may never become so, there will be "no complete recovery", *id.*, 158 W.Va.

at 44, 210 S.E.2d at 630. Appellees' objection to Dr. Hess' testimony goes only to its weight rather than its admissibility.

Turner's evidence of adverse future consequences is substantially stronger than the evidence introduced in some of our prior cases. In *Walker v. Robertson,* 141 W.Va. 563, 573, 91 S.E.2d 468 (1956), for example, there was no medical evidence introduced about whether plaintiff's broken leg caused permanent injury. Lay testimony was found to be competent and sufficient to support a damage instruction for permanent injury and future pain and suffering. *Adkins v. Smith,* 142 W.Va. 772, 98 S.E.2d 712 (1957); *Frampton v. Consolidated Bus Lines,* 134 W.Va. 815, 62 S.E.2d 126 (1950); * *see,* Annot., 18 A.L.R.3rd 10, § 70 (1968).

The trial court, therefore, erred in refusing to instruct on damages for future pain and suffering. The future effect of the injury was shown to a reasonable certainty and the jury should have been allowed to consider it.

■ Turner, however, was not entitled to have the jury pass on his claim for either lost wages or impairment of earning capacity. No evidence was presented showing to any degree of certainty—let alone to a reasonable certainty—that Turner, who was not working at the time of the injury, lost any wages during his convalescent period. Furthermore, Turner's evidence affirmatively established that he is able to function in everyday life just as he had prior to the injury; that he can tolerate the occasional pain; and that he sustained no permanent occupational disability impairing earning capacity. His prior income tax returns were thus not relevant to show the amount his earnings had been impaired because the evidence positively demonstrated no impairment of capacity to earn. Consequently, the trial court did not err in refusing to permit the jury to consider an award of compensatory damages for lost

wages and impairment of earning capacity, or in refusing to admit evidence of prior earnings.

The judgment of the Circuit Court of Harrison County is therefore reversed and vacated, and the case is remanded for a new trial.

Reversed and remanded.

---

* On the record before us, Turner is not entitled to a jury instruction on future medical expenses. As stated in Syllabus Point 16 of *Jordan, supra,* "[p]roof of future medical expenses is insufficient as a matter of law in the absence of any

evidence as to the necessity and cost of such future medical treatment." Here, as in *Jordan,* no attempt was made to establish such future expenses.